Robert Muir, Respondent, *v.* Harriette T. H. Greene, Appellant, Impleaded with Others.

Mortgage — Foreclosure — When Defense of Want of Consideration Not Sustained. Where, in an action to foreclose a mortgage given by the mortgagor as security for the payment of a bond executed by herself and her husband in consideration of an extension of the time of payment of a sum of money due from the husband to the mortgagee and the advancement in the future to them both of additional sums up to a certain amount, it appears that no additional sums were advanced which could legally be held to come within the terms of the mortgage, the action cannot be successfully defended, on the ground that the bond provided for payment on demand, and, as the demand could have been made immediately, there was no extension of the time of payment of· the amount due from the husband, and, therefore, no consideration for the mortgage, where it appears from an examination of the bond that, although it does provide for payment on demand, it also indicates an intention that the demand should only be made at some time in the future, and it is found as a fact that the demand was not made until nearly three and a half years thereafter, thereby constituting a forbearance which sustains the validity of the instrument.

*Muir* v. *Greene,* 115 App. Div. 173, affirmed.

(Argued January 31, 1908; decided February 18, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 8, 1906, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thaddeus D. Kenneson* for appellant.   Mrs. Greene never
came under any obligation to Mr. Brockway by virtue of the
execution and delivery of the bond, because he failed to per-
form conditions precedent to the creation of any obligation
on her part to pay the debt of $2,851.18.   (*Lock* v. *Wright*,
1 Strange, 569.)   There was no consideration for the bond,
and it is, therefore, void.   (Code Civ. Pro. § 840; *Recknagel*
v. *Steinway*, 58 App. Div. 352; *Dorr* v. *Munsell*, 13 Johns.
430; *Dorlan* v. *Sammis*, 2 Johns. 179; *Strong* v. *Sheffield*,
144 N. Y. 392.)

*Béla D. Eisler* and *Robert Goeller* for respondent.   There
was valid consideration for the bond and mortgage.   (*Dart*
v. *McAdam*, 27 Barb. 187; *Price.* v. *Alyea*, 13 App. Div.
184.)

HAIGHT, J.   This action was brought to foreclose a mort-
gage executed by the defendant Harriette T. H. Greene to
the plaintiff's assignor, Joseph D. Brockway.

On the 29th day of July, 1901, Robert M. Greene, the
husband of the defendant Harriette T. H. Greene, was
indebted to Joseph D. Brockway, in the sum of two thousand
eight hundred and fifty-one and 18/100 dollars.   Thereupon
they joined in executing a bond to Brockway, in which they
recited the following: "WHEREAS, Robert M. Greene, one of
the parties above named, is indebted to the said Joseph D.
Brockway, the obligee herein, in the sum of two thousand
eight hundred and fifty-one and 18/100 dollars, which is now
due, and the said Harriette T. Greene having requested the
said Joseph D. Brockway to extend the time of payment
of said sum and to advance to both of said obligors further
sums of money not, however, to exceed the additional sum of
six hundred dollars, and in consideration of the forbearance
on the part of said Joseph D. Brockway, granted to said
Robert M. Greene, and the advancement of such further
sums as are herein provided, the said Harriette T. Greene has
bound herself and assumed and agreed to be bound jointly and

severally, with the said Robert M. Greene, to be liable for and
with the said Robert M. Greene, jointly or individually to
pay the said indebtedness of Robert M. Greene aforesaid,
together with said sums that shall hereafter be advanced not
exceeding, however, the additional sum of six hundred
dollars," etc. The bond was in the usual form, containing
the condition that the sum of two thousand eight hundred and
fifty-one and 18/100 dollars, with interest, should be paid
upon demand, together with such further sums as shall here-
after be advanced by Brockway, with interest. At the same
time Mrs. Greene executed the mortgage in question, to
secure the payments provided for in the bond. Subsequently
there was a loan of fifty dollars made by Brockway to
Mrs. Greene, which was included in the judgment awarded
to the plaintiff. This item, however, was struck out by·
the modified judgment, and no appeal has been taken from
such modification. There was no further sum advanced by
Brockway to Robert M. Greene or the defendant Harriette
his wife.

The trial court found as a fact " that at the time of the ·
execution and delivery of the said bond and mortgage the
said Joseph D. Brockway agreed not to demand payment of
the said sum of two thousand eight hundred and fifty-one
and 18/100 dollars from the said Robert M. Greene, or the
said defendant Harriette T. H. Greene, until after the expira-
tion of two or three months from said date." The trial court
also found that the said sum of two thousand eight hundred
and fifty-one and 18/100 dollars had not been paid, nor any
part thereof, and that on the 31st day of December, 1904, the
plaintiff duly demanded the payment. And as conclusion
of law the court found that the plaintiff was entitled to judg-
ment for that amount, with interest, and that the mort-
gage be foreclosed and the premises sold for the payment
thereof.

Inasmuch as the modification was with reference to an
independent item of fifty dollars, the unanimous affirmance
of the Appellate Division has settled all the other questions

of fact involved in the litigation. It is now contended on behalf of the appellant that the Appellate Division having disallowed the item of fifty dollars advanced to Mrs. Greene, there was no consideration for her bond and mortgage ; that under the condition expressed in the bond the payment of money secured by the mortgage was to be made upon demand, and that inasmuch as the demand could have been made immediately after the execution of the bond and mortgage, there was no extension of the time of payment. Our examination of the bond, however, leads us to the conclusion that such was not the intent of the parties. While it does provide for the payment of the two thousand eight hundred and fifty-one and 18/100 dollars on demand, it also includes such moneys "as shall hereafter be advanced," etc. Thus indicating an intention on the part of the parties that the demand should only be made at some time in the future, for the advances that they contemplated were to be made in the future. Then, again, upon referring to the recital, it appears with reference to this identical sum, which it is stated was then due, "that the said Harriette T. Greene had requested the said Joseph D. Brockway to extend the time of payment of the said sum." Thus indicating that there was to be an extension for some time. The finding, therefore, of the trial court is not in conflict with the provision of the bond, in which it has been found that they contemplated an extension of time for two or three months from the date of the bond ; and inasmuch as the demand was not made until nearly three years and a half thereafter, there was consideration of forbearance which sustained the validity of the instrument. (*Strong* v. *Sheffield*, 144 N. Y. 392.)

The agreement with reference to further advances is quite indefinite. They were not to exceed the sum of six hundred dollars, but no time or amount is specified in which any particular advance shall be made. No relief is sought in this case as against Brockway for any failure to make advances. And inasmuch as the advances were not necessary in order to furnish a consideration for the mortgage, no question is

presented with reference thereto which calls for further consideration at this time.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur ; GRAY, J., absent.

Judgment affirmed.