In the Matter of the Estate of GEORGE S. HORNBLOWER, Deceased.

Surrogate's Court, New York County, April 3, 1931.

*Hornblower, Miller & Garrison* [*Redmond F. Kernan* of counsel], for Dorothy Hornblower, as executrix under the will of George S. Hornblower.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. This is an appeal by the executrix from an order assessing tax in the above-named estate dated October 30, 1930, on the following grounds:

1. That said order erroneously states that the decedent has a contingent reversionary interest in the balance of the trust fund of $925,536, viz., $425,536, as set forth in Schedule K of the executrix's main affidavit annexed to the returns and schedules filed herein by the executrix.

2. Said order states that the tax on said alleged contingent reversionary interest is suspended until the death of the present life tenant, where, as a matter of fact, no tax will then become due upon this portion of the trust fund from the estate of the said decedent. The appeal is denied.

The deed of trust in this matter was made on the 7th day of October, 1914, by Emily S. Hornblower, stepmother of the decedent. By the terms of the trust the settlor reserved to herself the income thereof for her life and directed that upon her death the principal of the trust fund be paid over to her stepson George, the deceased,

his executors, administrators or assigns. The settlor reserved the right during her lifetime to revoke the trust to the extent of so much of the fund that shall at the time of such revocation exceed $500,000 of market value. The settlor at subsequent times executed supplements to the deed, in each instance reserving right to revoke, in so far as it concerned any of the property transferred thereby or the proceeds thereof upon the same trust and uses as in the original deed.

The decedent by his will gives to his wife, in trust, all of his right, title and interest to and under the deed of trust and also to and under each and every supplement to said trust, with remainder to his surviving descendants.

The order assessed tax on the present value of the life interest of the wife in the $500,000, which is the irrevocable part of the deed of trust, and further ordered that as to the balance of the trust fund which was revocable, viz., $425,536, in which the estate of the above-named decedent has a contingent reversionary interest, that determination of the tax is suspended, upon the ground that it cannot be ascertained in whom it may ultimately vest, until the death of the present life tenant, Mrs. Emily Sanford Hornblower, stepmother of the decedent.

Since the settlor is now living and has given no indication that she intends to revoke, there is the possibility that she will not revoke. In such an event, under the deed of trust, section 1, which provides for payment of the net income to the settlor monthly during her life and upon her death to pay over the principal of the trust fund to the decedent, George S. Hornblower, his executors, administrators or assigns, a reverter may result. Where the interest of the decedent is subject to a contingent reversionary interest, the taxation should be suspended in the report of the appraiser. (*Matter of Colt*, 125 Misc. 373.) Submit order.