In the Matter of the Estate of GEORGE S. HORNBLOWER, Deceased.

Surrogate's Court, New York County, March 5, 1943.

*Nathan L. Miller, Leslie Craven* and *William FitzGibbon* for Dorothy M. Hornblower, as executrix, petitioner.

*Charles A. Jacobs* and *Jerome M. Hirsch* for State Tax Commission, respondent.

FOLEY, S. This is an application by the executrix to modify the order of March 23, 1934, assessing the transfer tax so as to eliminate the provision suspending determination for the assessment of any additional tax and substituting in place thereof a provision that no additional transfer tax is due or payable.

In opposition to the claims of the executrix the State Tax Commission contends that the order sought to be modified is *res judicata* and that, in any event, the remainder interest became an asset of the estate of this decedent and is properly taxable under the statute in effect at the time of his death.

The application is denied.

The decedent died a resident of this county on June 26, 1927. In the schedules filed in the original transfer tax proceeding there was set forth a copy of an *inter vivos* trust agreement, dated October 7, 1914, entered into between Emily S. Hornblower, as settlor, the stepmother of this decedent, and the New York Trust Company, as trustee. Under its terms the income thereof was payable to the settlor for life and upon her death the principal was to be paid to George S. Hornblower, the decedent here, " his executors, administrators, or assigns." The total fund approximated $900,000. The trust was irrevocable as to the sum of $500,000 and this amount less $88,277, which was fixed as the value of the life estate of the settlor, was included in this decedent's taxable estate and the tax paid upon it. The balance of the trust fund over which the settlor reserved the right of revocation was valued in the prior orders as of the date of this decedent's death at the sum of $425,536.

The settlor, Emily S. Hornblower, died on June 20, 1938.

In his report the State tax appraiser set forth that this decedent had a contingent interest in such sum of $425,536 and he suspended taxation thereon because it was not then ascertainable whether this fund would ultimately come into this estate. In the order of October 30, 1930, entered on the appraiser's report, it was provided that the contingent interest in the sum of $425,536 " is hereby suspended from taxation herein on the ground that it cannot now be determined in whom it may vest until the death of the present life tenant, Mrs. Emily Sanford Hornblower, stepmother of decedent." From that order the executrix appealed to the Surrogate on the grounds:

1. That said order erroneously states that the decedent has a contingent reversionary interest in the balance of the trust fund of $925,536, viz., $425,536, as set forth in Schedule K of the executrix's main affidavit annexed to the return and schedules filed herein by the executrix.

2. That said order states that the tax on said alleged contingent reversionary interest is suspended until the death of the present life tenant, when as a matter of fact no tax will then become due upon this portion of the trust fund from the estate of said decedent.

In his decision denying the appeal, Mr. Surrogate O'Brien held that the decedent did have a contingent interest in the sum of $425,536 and that taxation thereon was properly suspended. (*Matter of Hornblower*, 140 Misc. 470.) The order denying the appeal and affirming the *pro forma* order fixing tax was signed on April 9, 1931. From that order the executrix on May 11, 1931, filed in this court a notice of appeal to the Appellate Division. No further steps were taken to perfect or bring on the appeal for argument and it must be deemed to have been abandoned. The identical suspension provision in the original *pro forma* order of October 30, 1930, quoted above, is also contained in the last modifying order of March 23, 1934, to which the present application is addressed.

The Surrogate holds that the prior order of April 9, 1931, is *res judicata* on the present application. The same issues here involved, as to whether the decedent had a possible or contingent interest in the fund of $425,536 on which taxation should be suspended, were presented and determined by the Surrogate. (*Matter of Hornblower*, 140 Misc. 470, *supra*.) That the executrix recognized the decision as constituting the law on the subject is clearly demonstrated by her appeal to the Appellate Division although subsequently abandoned by her.

The executrix cannot now reopen the question which was fully litigated and decided. (*Matter of Evans*, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; *Matter of McGoughran*, 124 App. Div. 312, 316; *Matter of Goldsticker*, 192 N. Y. 35; *People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316; *People ex rel. Int. Salt Co.* v. *Graves*, 267 N. Y. 149.)

During her lifetime, Emily S. Hornblower, the creator of the trust, exercised her right to revoke, but only to a limited extent, and upon her death the remainder interest of George S. Hornblower in the balance of the fund vested in possession. On the death of Emily S. Hornblower, the trustee of the *inter vivos*

trust paid the fund amounting to $308,715.18 over to the trustee of this estate.

The very event provided for in the original order of October 30, 1930, fixing the tax, namely, the coming into this estate of any part of the fund upon which taxation was suspended, has occurred. Had the decedent's remainder interest in the fund not been disclosed in the original tax proceeding and no suspension provision inserted in the prior order, the fund on falling into this estate would have been taxed as an additional asset. (*Matter of Carey*, 115 Misc. 732, affd., on opinion below, 197 App. Div. 566.) Clearly, the fund should not escape taxation when the decedent's interest therein was definitely disclosed and its taxation provided for in the original tax proceeding.

All the contentions of the executrix are overruled. Without limiting the scope of that determination, it should be stated that, even if the prior order is not *res judicata,* the conclusion reached in the prior decision of Surrogate O'BRIEN was correct. (*Matter of Hornblower*, 140 Misc. 470, *supra.*) Various and complicated theories are advanced by the executrix which have no relation to the very simple problem here involved. The death of the decedent here prior to the death of the settlor cannot affect the taxability of the fund. There are many forms of contingent claims or claims unascertainable in the period of administration after the death of a decedent which are subsequently taxable when they ripen into an actual asset of his estate. They may consist of a recovery by a judgment upon a chose in action, or the discovery of a dormant bank account or other assets unknown at the time of the filing of the schedules; or, as here, a contingent interest in a remainder which vests in possession and title upon the death of a life tenant. In some cases taxation upon these potential assets is suspended. In other cases, where the existence of the possible estate is not disclosed in the schedules, it is properly taxable when it comes into the hands of the legal representative of the estate. (*Matter of Carey*, 115 Misc. 732, *supra.*)

I specifically hold that the interest of the decedent here in the remainder of the *inter vivos* trust was contingently vested in him and actually vested in his estate. The gift of the interests under the terms of the agreement was not directly to his legatees or testamentary beneficiaries. Nor was it an appointment to be exercised by the decedent's will. If the settlor had wished to confer a power of appointment upon him, she could have done so. The fact is that she did not. *Matter of Piffard* (111 N. Y. 410) and *Matter of Fowles* (222 N. Y. 222), which dealt

with the principles of incorporation of extraneous instruments into a will, have not the slightest relevancy here. Nor has the decision of the Court of Appeals in *Matter of Schmidlapp* (236 N. Y. 278). That case dealt with the question of the time of the incidence of a tax in the estate of the settlor where a power of revocation was reserved in the deed. The statements in the opinion characterizing the nature of the interests of the beneficiaries are merely dicta. It is an elementary principle of the law applying to trust remainders that a future contingent interest is a potential asset of the designated remaindermen. It is descendible, devisable and alienable by the person contingently interested (Real Property Law, § 59). It may be made the subject of disposition in his will.

Here, the contingent interest of George S. Hornblower, our decedent, became an actual vested interest which flowed into his estate and was expressly bequeathed to the designated beneficiaries. It constitutes a proper taxable asset in his estate.

Submit order on notice modifying the order of March 23, 1934, and taxing the fund in accordance with this decision.