In the Matter of the Accounting of MANUFACTURERS AND TRADERS TRUST COMPANY, as Trustee under a Trust Indenture Made by CARLETON SPRAGUE and ALICE B. SPRAGUE, Respondent.
JOHN R. GOMEZ et al., Appellants; JUAN R. GOMEZ, Respondent.

Fourth Department, January 16, 1946.

*John B. Richards* for appellants.

*William E. Lytle* for Juan R. Gomez, respondent.

*Babcock, Newbury & Russ* for petitioner-respondent.

DOWLING, J. Juan R. Gomez and Elisabeth Griffin Gomez intermarried at Buffalo, New York, in 1909. Two children were born of the marriage, John Rafael in 1911 and Carlos in 1913. Mr. and Mrs. Gomez separated in 1921. Mrs. Gomez retained the custody of the children. On March 14, 1924, Mrs. Gomez procured an absolute divorce from Mr. Gomez, upon his appearance in the action, in the State of Nevada. The decree alternated the custody of the children between the parents. By the decree Mr. Gomez was ordered to pay to the mother of the children $50 per month for their support while they were in her custody and Mr. Gomez was ordered to support them while they were in his custody. On March 14, 1924, Elisabeth G. Gomez signed an instrument, in Nevada, releasing Mr. Gomez from the payment of the $50 allowance provided for in the decree of divorce and from any and all actions relating thereto. The consideration for the release was $10 in gold coin and other good and valuable consideration. From the granting of the divorce until each child reached his majority, each child remained in the custody of his mother. From 1924 on Mr. Gomez contributed little, if anything, towards the support of his children. On March 24, 1924, the former Mrs. Gomez was married to Julian Hartridge, a member of the Florida Bar. Mr. and Mrs. Hartridge have since lived together in Jacksonville, Florida. The Gomez boys lived with their mother and were supported by her out of her earnings as a dress designer.

On October 31, 1916, Carleton Sprague and his wife, Alice B. Sprague, an aunt of Juan R. Gomez, entered into a trust agreement whereby they appointed the Fidelity Trust Company of Buffalo, New York, as trustee and transferred to it the sum of $15,000 to be held in trust, to hold and manage until the termination of the trust and to pay over to them jointly the income therefrom during their lives, upon their death, in case the trust had not been previously terminated, to pay the principal of the trust fund to Juan R. Gomez, their nephew. The instrument further provided that the trust would cease and determine upon the death of both of the donors. Carleton Sprague died on November 19, 1916, and Alice B. Sprague died on January 28, 1944. The trust was never revoked by the donors. After the creation of the trust, the trustee

changed its corporate name to Manufacturers and Traders Trust Company.

On September 2, 1935, at Washington, D. C., Juan R. Gomez executed the following instrument:

"The Burlington Hotel
380 Rooms Fireproof
Vermont Avenue at Thomas Circle
Washington, D. C.

Sept. 2, 1935

I, JUAN R. GOMEZ will deposit to a Trust Co. to John Rafael Gomez ¼ of my trust fund & ¼ to Carlos Gomez. This trust fund comes to me from Mr. and Mrs. Carlton Sprague & is in the Fidelity Trust Co. in Buffalo, New York, and I hereby by assign the above participative share of John and Carlos Gomez. But retaining the interest on entire amount for my life.

JUAN R. GOMEZ
(Seal)

Elisabeth G. Hartridge
Julian Hartridge."

and personally delivered it to Elisabeth G. Hartridge at that time and place. On September 5, 1935, Mrs. Hartridge forwarded to the trustee the following letter:

"Peninsular Gallaries
202 Riverside Avenue
Jacksonville, Florida

The Fidelity Trust Co.
Buffalo, N. Y.:
Trust Dept.
Dear Sirs:

You have on hand a trust fund in the name of Juan R. Gomez $15,000.00 from Mr. & Mrs. Carlton Sprague, the full amount to be paid to Mr. Gomez at their death.

Mr. Gomez has signed away one half of this amount to his children, he to take the interest on full amount for his life — this is just a memo and Mr. Hartridge will send you soon the new trust for your records —

Yours truly,
ELISABETH G. HARTRIDGE (signed)."

This letter was received by the trustee on September 5, 1935, but the trustee never acknowledged receipt of the letter. Shortly after Mr. Gomez returned to Buffalo he sent to Mrs. Hartridge a letter repudiating the agreement.

In May, 1944, the trustee instituted this proceeding for a judicial settlement of its account as trustee under the trust indenture. John Rafael Gomez and Carlos Gomez appeared in the proceedings and filed answers wherein each made claim to a one-fourth part of the trust fund based on the document signed by Mr. Gomez and above set forth. Mr. Gomez appeared and answered denying their right to recover and alleging that his signature on said document had been procured by fraud and duress and that the instrument is invalid and that he had canceled and revoked it subsequent to its execution and prior to the death of Alice B. Sprague.

The issues thus framed came to trial at Special Term in July, 1944. After hearing the proofs of the parties, the Trial Justice rendered his decision in writing, signed by him, holding, in substance, that Mr. Gomez signed the document, dated September 2, 1935, that he signed it unwillingly " and in part influenced by assertions made by Mrs. Hartridge that if he did not do so she would bring suit against him to collect the money expended by her for the maintenance and education of the children, but there is no evidence that she released any claim she might have on that account in consideration of his signing the document. There is no claim that there was any other consideration for the document." The court construed the document as an executory gift, supported by no consideration. The court also held that the document was revocable and that Mr. Gomez had revoked it a few days after he had signed it by a communication sent by mail to Mrs. Hartridge. That communication is not in the record. The court disallowed and dismissed the claims interposed by Carlos and John Rafael Gomez holding that they had no interest in the assets of the trust indenture. The court declined to pass upon proposed findings of fact and conclusions of law submitted to it by the claimants after the court had rendered its written decision. From the order denying the claimants' motion for permission to file proposed findings of fact and conclusions of law and from the decree entered upon the court's decision, the claimants have appealed to this court.

We think the court erred in holding that the instrument in question was an executory promise to make a gift, that it was revocable as such, that it was supported by no consideration and that it was revoked by Mr. Gomez. We construe the document as an assignment of a one-fourth interest to each of the claimants in the trust fund payable to Mr. Gomez upon the death of the donors of the fund and that title vested in each of the claimants upon delivery of the assignment to their mother

which delivery was made by Mr. Gomez immediately following his execution of the assignment. Future contingent interests in personal property are alienable. (*Clowe* v. *Seavey,* 208 N. Y. 496; *Security Trust Co. of Rochester* v. *Bradley,* 179 Misc. 338, 340, affd. sub nom. *Security Trust Co. of Rochester* v. *Burlew,* 266 App. Div. 943; *Matter of Hornblower,* 180 Misc. 517, 521.) The consideration of a contract may be implied when not expressed. (*Vandermulen* v. *Vandermulen,* 108 N. Y. 195, 204.) The natural affection of Mr. Gomez for his children was a sufficient consideration to support the assignment to them. (*Todd* v. *Weber,* 95 N. Y. 181, 189, 193; *Buchanan* v. *Tilden,* 158 N. Y. 109; *Borland* v. *Welch,* 162 N. Y. 104; *Phalen* v. *United States Trust Co.,* 186 N. Y. 178; *Smyth* v. *City of New York,* 203 N. Y. 106.) The forbearance of Mrs. Gomez to sue Mr. Gomez was a sufficient consideration to support the assignment. Whether or not she could have succeeded, had she sued, is not the test. It is enough that she yielded her right to sue. (*Rector, etc.,* v. *Teed,* 120 N. Y. 583, 587.)

Carlos Gomez and John Rafael Gomez are entitled to judgment declaring each of them to be the owner of a one-fourth part of the $15,000 trust fund subject, however, to the life use of the same by their father and directing the petitioner to deposit in its own trust company in an interest account to the credit of Carlos Gomez and John Rafael Gomez their respective shares subject to the life use of their father and to pay to him the interest thereon for the term of his natural life and upon his death to pay over to them or to their representatives or assigns, their respective shares.

The decree, so far as it disallowed and dismissed the claims of Carlos Gomez and John Rafael Gomez, should be reversed on the law and facts, and otherwise the decree should be affirmed and an amended decree should be entered accordingly, without costs. Certain findings of fact should be disapproved and reversed and new findings and conclusions of law should be made. The appeal from the order denying the motion to present proposed findings of fact and conclusions of law should be dismissed as academic.

An amended decree is directed to be entered accordingly.

All concur, except LARKIN, J., who dissents and votes for affirmance. Present — TAYLOR, P. J., DOWLING, McCURN, LARKIN and LOVE, JJ.

Decree, so far as it disallowed and dismissed the claims of Carlos Gomez and John Rafael Gomez, reversed on the law and

facts, and otherwise decree affirmed, without costs of this appeal to any party, and matter remitted to the Erie County Special Term to enter an amended decree in accordance with the opinion. Appeal from the order denying motion to present proposed findings of fact and conclusions of law dismissed as academic. Certain findings of fact disapproved and reversed and new findings and conclusions of law made.