Gerard D’ Emilio, J.
Both sides have moved for summary judgment in this action and are agreed that the only question presented is one of law as to whether a valid contract exists -between the parties. The plaintiff to the lawsuit was a .seller under a contract of sale .for the conveyance of real property and the defendant is a mortgage banker. In support of the motion the plaintiff submitted several documents, the most important being exhibit B of the original motion papers. This exhibit consists of a letter, written and signed by the president of' defendant corporation wherein defendant agreed to close a Veteran’s Administration loan for the purchase of plaintiff’s property at a discount change to plaintiff of 3% of the mortgage. -It is this letter which forms the basis of any contract that may exist between the parties. At the closing of title the defendant demanded a 7% discount charge and plaintiff paid such charge under protest and is now suing for the 4% difference between the actual charge and the charge allegedly agreed to between the parties.
It is the plaintiff’s contention that there existed a valid, .binding agreement between the parties wherein the defendant promised to close the mortgage for a discount charge of 3% in consideration of plaintiff’s forbearance to seek out another mortgage company and also in consideration of plaintiff’s actual completion of the real estate transaction. Alternatively, plaintiff relies upon the doctrine of promissory estoppel as a substitute for consideration in the event that the court holds that there was no consideration supporting the contract.
The defendant responds to plaintiff’s theories by asserting that no contract existed between the parties and that the above-mentioned letter only constitutes an agreement to agree upon final terms at the closing of title. Defendant argues that no contract was created because there was no -acceptance by plaintiff of the terms of the contract, there was no mutuality of obligation- in that plaintiff could have pulled out of the deal at any time and defendant would have no recourse against plaintiff, and that there was no valid consideration supporting the contract. ^
■The threshold question in this controversy is whether there was any consideration supporting the contract. It is not essential to the validity of a contract that the consideration be recited therein since it -may be implied, or proved by parol evidence. (Strobe v. Netherland Co., 245 App. Div. 573; Matter of Manufacturers & Traders Trust Co. [Gomez], 270 App. Div. 322.) Consideration is defined as some right, interest, profit or benefit *565 accruing to one party, or some forebearance, detriment, loss, or responsibility, given, suffered, or ¡undertaken by the other. (Becker v. Colonial Life Ins. Co., 153 App. Div. 382.) The plaintiff claims that his forbearance in not seeking out some other mortgage constitutes consideration for the contract. In his treatise on the law of contracts, Corbin states that If a promisor bargains for actual forebearance (without a promise) for a specified time, his promise is conditional on continued forebearance for- that time, although during its progress his offer is irrevocable.” (1 Conbin, Contracts, p. 591 [1963].) Similarly, in Muir v. Greene (191 N. Y. 201) the Court of Appeals held that forebearance which is impliedly bargained for constitutes sufficient consideration. It is uncontroverted that the plaintiff in the Case at bar actually forbore seeking out a different mortgage in reliance of the promise of the defendant to close the mortgage at a discount rate of 3% and this act constitutes sufficient consideration.
The defendant’s contention that there ¡was no contract between the parties because of plaintiff’s failure to communicate his acceptance to the offer is unavailing because of the nature of the contract. Generally an offer is not accepted until a communication of acceptance is made (Fowler-Curtis Co. v. Dean, 203 App. Div. 317); however, this rule docs not apply to a unilateral contract such as the one at bar. The contract herein may be viewed as a unilateral contract wherein "the defendant promised to close the mortgage at a discount rate of1.3% if the plaintiff submitted the deal to the purchaser and scheduled and prepared.for the closing of title. - No notice of acceptance is necessary where the offer is a promise to do something in exchange for an act and the offeree complies with the offer by doing the act. The offeree’s compliance, here the plaintiff’s act of submitting the mortgage to defendant and completing the paperwork necessary to close title, is sufficient evidence of the plaintiff’s acceptance.
It is a general rule that there must be mutuality of obligation in order to form ,a contract (Oscar Schlegel Mfg. Co. v. Peter Cooper’s Glue Factory, 231 N. Y. 459: Winslow v. Mayo, 123 App. Div. 758; affd. 195 N. Y. 551); however, again this doctrine is riot applicable to a unilateral contract. (Hedeman v. Fairbanks, Morse & Co., 286 N. Y. 240; Rubin v. Dairymen’s League, Co-op. Assn., 284 N. Y. 32.) It has been held that where one makes a promise conditioned on the act of the promisee, the contract is not void for . want of mutuality and upon the performance of thé act by the promisee the contract becomes binding upon the promisor. (Hedeman v. Fairbanks, Morse & Co., *566 supra; Laura Distr. Co. v. Koch, 35 A D 2d 731; Bisbing v. Sterling Precision Corp., 34 A D 2d 427; Greene v. Heinrich, 59 Misc 2d 655, affd. 65 Misc 2d 622, affd. 38 A D 2d 691.) In the Bisbmg case {supra) it was held that a promise ¿nade hy the employer defendant to assume payment of life insurance policies on the lives of the plaintiff employees in exchange for their acts of remaining in defendant’s employ was-binding upon the defendant employer upon the doing of the act iby the plaintiff employees. The .case at ¡bar presents an analogous situation. The promise of the defendant to close the mortage for a discount rate of 3% .was made binding and obligatory upon the plaintiff’s acts of forebearing to seek out another mortgage banker; submitting the mortgage application to defendant, and scheduling and preparing for the closing of title.
A valid unilateral contract existed between the parties at the time of closing which was breached upon the defendant’s Refusal to close at the agreed discount rate. Defendant has not contested the .plaintiff’s allegation that the damages suffered upon such breach were $860, and accordingly the motion for summary judgment in the sum of $860 is granted.