■ WILLIAMSVILLE CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: The court properly denied the parties' respective motions for summary judgment on defendant's fourth affirmative defense and counterclaim alleging lack of statutory authority for defendant to enter into the agreement under McKinney's Unconsolidated Laws of NY § 6255 (27) (now § 6255 [29]) (New York State Urban Development Corporation Act § 5 [27] [now § 5 (29)]; L 1968, ch 174, § 1, as amended). The record does not establish who owns the property in relation to which the TRIP payments are to be made under the contract. That issue is crucial

to the determination of defendant's defense and counterclaim, since, under the statute, the payments would be authorized only if the property is owned by defendant or its subsidiaries. The existence of a question of fact on that issue precludes summary disposition in favor of either party.

The court erred, however, in denying plaintiff's motion for summary judgment dismissing defendant's first affirmative defense and counterclaim alleging lack of consideration for its agreement to make payments in lieu of taxes. Plaintiff's discontinuance of its pending action against defendant, execution of a release in defendant's favor and promise to forego future litigation against defendant on those claims constitute valid consideration. Further, the terms of the agreement are governed by statute, the New York State Urban Development Act, not by common-law contract principles. If we adopted defendant's argument, no agreement for payments in lieu of taxes would be enforceable as municipalities and political subdivisions typically have nothing to offer in return for such payments. The clear intent of the statute would thus be frustrated.

The court also erred in denying plaintiff's motion for dismissal or for summary judgment of dismissal with respect to defendant's second, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, sixteenth and nineteenth affirmative defenses and/or counterclaims. Plaintiff established that those claims variously are facially insufficient, legally without merit, factually inapplicable, or based upon erroneous interpretations of the agreement. (Appeals from order of Supreme Court, Erie County, Kasler, J.—summary judgment.) Present —Denman, J. P., Boomer, Balio and Davis, JJ.