■ JOAB COMMERCIAL LAUNDRIES INC., Respondent-Appellant, v HAROLD REEDER, Appellant-Respondent.—In an action, inter alia, for specific performance of an option to purchase real property, the defendant appeals from (1) stated portions of a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated June 22, 1988, which, inter alia, directed him to convey title to the property to the plaintiff, and (2) a supplemental judgment of the same court dated August 1, 1988, which awarded the plaintiff $18,479.88 in costs. The

plaintiff cross-appeals from stated portions of the judgment dated June 22, 1988 which denied its request for attorney's fees.

Ordered that the judgment and supplemental judgment are affirmed insofar as appealed and cross-appealed from, with one bill of costs to the respondent-appellant.

The plaintiff and the defendant entered into a lease which gave the plaintiff an option to purchase the property and which obligated the defendant to complete certain repairs. The plaintiff later commenced an action alleging that the defendant failed to make the required repairs. By order dated February 24, 1986, the Supreme Court, Rockland County, granted the plaintiff leave to enter a default judgment upon an assessment of damages. The parties entered into a stipulation of settlement which provided that unless the defendant completed all the repairs within approximately one year, the plaintiff could enter a confession of judgment for $40,000, which the defendant signed when the stipulation was executed. The stipulation also provided that the plaintiff could apply the $40,000 against the purchase price of the property, if it elected to exercise its option to purchase. By letter dated April 27, 1987, the plaintiff notified the defendant it was exercising its option to purchase the property. On April 28, 1987, claiming that the work was never completed, the plaintiff entered the confession of judgment.

The plaintiff commenced the present action seeking, *inter alia,* specific performance of its option to purchase the property. Finding that the stipulation was valid, the Supreme Court held that the plaintiff was entitled to exercise its option and to apply the $40,000 from the confession of judgment against the purchase price and mortgage. The defendant argues that the stipulation was void because it lacked consideration and resulted from economic duress. We disagree and affirm.

It is well established that promises to waive claims, forego future litigation, or forebear from enforcing legal rights constitute valid consideration *(see, e.g., Jemzura v Jemzura,* 36 NY2d 496; *Muir v Greene,* 191 NY 201; *Williamsville Cent. School Dist. v New York State Urban Dev. Corp.,* 142 AD2d 981; *Richman v Brookhaven Servicing Corp.,* 80 Misc 2d 563). Here, the plaintiff agreed to forego from proceeding upon the order granting it leave to enter a default judgment upon an assessment of damages it had obtained. Such a promise constituted valid consideration. Further, there is no evidence to

support the defendant's contention that the stipulation resulted from economic duress *(see, 805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 451; *see also, Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955; *Austin Instrument v Loral Corp.,* 29 NY2d 124).

The defendant also claims that, in fact, he completed the required repairs, thereby precluding entry of the confession of judgment. However, the record amply supports the conclusion that the defendant failed to complete the required repairs. In addition, there is no evidence to support the defendant's contention that the plaintiff somehow conceded that the repairs were satisfactorily completed or that he waived any objection thereto.

Finally, we note that the Supreme Court, because of the absence of statutory or contractual authority, properly declined to award attorney's fees to the plaintiff *(see generally, Check-Mate Indus. v Say Assocs.,* 104 AD2d 392). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.