■ JOHN H. JIRAS, Appellant, v N. BRUCE MCKAY, Respondent. [609 NYS2d 94] —In an action, *inter alia,* to recover damages for breach of contract, in which the defendant counterclaimed to recover damages for conversion and breach of contract, the plaintiff appeals from an order of Supreme

Court, Suffolk County (Cannavo, J.), entered September 23, 1991, which denied his motion to vacate a stipulation of settlement and judgment by confession.

Ordered that the order is affirmed, with costs.

The underlying matter was properly settled pursuant to a stipulation between the parties providing for entry of a judgment by confession. Contrary to the contention of the plaintiff, there is no statutory bar to entering a judgment by confession as part of a stipulation settling an ongoing action *(see, Joab Commercial Laundries v Reeder,* 159 AD2d 489; *City of Poughkeepsie v Albano,* 122 AD2d 14). Nor, contrary to the contention of the plaintiff, is there anything inherently impermissible in permitting this plaintiff (himself an attorney) to designate the defendant's attorney to fill in the amount due (calculated pursuant to the terms of the stipulation) on an otherwise complete affidavit of confession of judgment *(see, Fiore v Oakwood Plaza Shopping Ctr.,* 78 NY2d 572, *cert denied* — US —, 113 S Ct 75). The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.