1130 PRESIDENT ST. CORP., Appellant, v. BOLTON REALTY CORPORATION, Respondent.

Argued October 5, 1949; decided November 23, 1949.

*George J. Rudnick* for appellant. I. The Appellate Division was not justified in reversing the facts found by Special Term that the option agreement contained all the essential terms of a valid lease and that no terms were to be included in the formal lease other than were contained in the option agreement. (*Mercer* v. *Payne & Carnaby Co.,* 110 Neb. 28; *Selmar Garage Corp* v. *Rink Realty Corp.,* 299 N. Y. 579; *People* v. *St. Nicholas Bank,* 3 App. Div. 544, 151 N. Y. 592; *Sanders* v. *Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209; *Bondy* v. *Harvey,* 62 F. 2d 521, 289 U. S. 740; *Liggett Co.* v. *Rose,* 152 Md. 146.) II. The option agreement contained all the essential terms of a valid lease and no further terms were necessary to constitute it a valid lease. (1 McAdam on Landlord and Tenant [5th ed.], p. 186; *Hirsch* v. *Lichtenstein,* 79 Misc. 31; *Bondy* v. *Harvey,* 62 F. 2d 521, 289 U. S. 740; *Liggett Co.* v. *Rose,* 152 Md. 146; *Emigrant Ind. Sav. Bank* v. *108 W. 49th St. Corp.,* 255 App. Div. 570, 280 N. Y. 791; *Witty* v. *Matthews,* 52 N. Y. 512; *Herald Square Realty Co.* v. *Saks & Co.,* 215 N. Y. 427; *May* v. *Gillis,* 169 N. Y. 330; *41st St. Bus Term.* v. *Klinger,* 134 Misc. 467, 231 App. Div. 815; *Newburger* v. *American Sur. Co.,* 242 N. Y. 134.) III. The option agreement is not indefinite, vague, or uncertain in any respect. IV. The finding that the agreement fails to satisfy the Statute of Frauds is without support in the record. (*Crane* v. *Powell,* 139 N. Y. 379.) V. The option is not unenforcible because it lacked mutuality of obligation. (*Cochran* v. *Taylor,* 273 N. Y. 172; *Trustees of Hamilton Coll.* v. *Roberts,* 223 N. Y. 56; *Heller* v. *Pope,* 250 N. Y. 132; *Benedict* v. *Pincus,* 191 N. Y. 377.)

*C. Leo Calarco* for respondent. I. The instrument when taken by itself is insufficient to satisfy section 259 of the Real Property Law. (*Poel* v. *Brunswick-Balke-Collender Co.,* 216

N. Y. 310; *Weill Co. v. Creveling*, 181 App. Div. 282; *Bell* v. *Kavy*, 43 N. Y. S. 2d 934.) II. The instrument is so vague, indefinite, uncertain and incomplete as to constitute no agreement at all, and is not such an agreement as will be specifically enforced in equity. (*Antoville* v. *Bernard*, 220 App. Div. 210; *Textile Capitol Bldg. Corp.* v. *Wendel Foundation*, 253 App. Div. 332, 279 N. Y. 769; *United Press* v. *New York Press Co.*, 164 N. Y. 406; *Racich Asbestos Mfg. Co.* v. *Brooks*, 146 App. Div. 14; *Law* v. *Pemberton*, 10 Misc. 362; *Arnold* v. *Rothschild's Sons Co.*, 37 App. Div. 564; *Bluemner* v. *Garvin*, 120 App. Div. 29.) III. The alleged option is unenforcible since it lacks mutuality of obligation. (*Savage* v. *Weigel*, 128 Misc. 618.)

BROMLEY, J. Plaintiff seeks specific performance of the following written agreement of option to lease certain premises of defendant in New York City:

" In consideration of the sum of Two Hundred ($200.00) dollars, paid to the undersigned by 1130 President St. Corp., a New York corporation of 185 Montague Street, Brooklyn, New York, the receipt whereof is hereby acknowledged, the undersigned, being the owner of the premises known as 22–30 Little West 12th Street and 63–65 Gansevoort Street, New York City, does hereby give to the said 1130 President St. Corp., an option to rent the said premises 22–30 Little West 12th Street and 63–65 Gansevoort Street, New York City, from the undersigned as landlord, upon a lease for a term of twenty-one (21) years, to commence six (6) months from the date the option is exercised, and the rent for the said premises shall be Twelve Thousand ($12,000.00) dollars per year net, the tenant to pay taxes and public liability insurance premium only.

" The premises are and will be subject at the time and [*sic*] lease is made to mortgage thereon not exceeding Fifty-Five Thousand ($55,000.00) Dollars and interest. This option may be exercised by the said 1130 President St. Corp., within three (3) months from the date hereof, upon the payment of Thirty Thousand ($30,000.00) Dollars, at which time a lease containing the above terms and in form satisfactory to the tenant shall be entered into, and at which time possession of the entire building shall be given to the 1130 President St. Corp."

On the trial plaintiff introduced the option, and evidence as to its timely acceptance, plaintiff's readiness to perform and defendant's refusal to execute a lease. Defendant rested on plaintiff's proof, and moved for dismissal of the complaint upon the grounds asserted in its answer: that the written agreement does not contain a number of essential terms, which are customary in such long-term commercial leases and which the parties had left for future negotiation. Upon findings that the writing embodied the complete contract between the parties, that it contained all the essential elements of a valid lease without indication that any substantial terms had been left for further negotiation, and that the option had been duly accepted, the trial court granted specific performance.

The Appellate Division has reversed that judgment, and dismissed the complaint, holding the written agreement incomplete and insufficient to satisfy the Statute of Frauds. That decision clearly rested upon a finding that the writing does not contain three provisions " usually found " in long-term leases of commercial property in New York City: agreements relating to (1) the ultimate disposition of improvements made by the tenant during the term; (2) the tenant's power to assign or sublet without the landlord's consent; (3) necessary repairs during the term. Read in the light of their absence the provision for " a lease containing the above terms *and in form satisfactory to the tenant* " (emphasis supplied) indicated to the court that further substantial terms were to be subject to the tenant's approval.

The option agreement is complete on its face and contains no indication that other provisions were to be negotiated. It signifies the parties, the premises, the term and the rent. It provides that the tenant is to pay " taxes and public liability insurance premium only ", that the property may be mortgaged for not more than $55,000, and that $30,000 is to be paid by the tenant upon exercising the option. It could not be held that the writing omitted any term essential to the relationship of landlord and tenant, and none of the provisions suggested by respondent and the court below is essential to an effective lease. The absence of any provision for rent during the first six months of occupancy and the agreement to pay $30,000 might occasion surprise. Such terms are unusual, but the agreement is not

unclear in that respect. It would strain the ordinary significance of the word to read " in form satisfactory to the tenant " as indicating further negotiation on matters of substance.

The requirements which this agreement must meet — that it may be enforced as a contract and satisfy the Statute of Frauds — are clear in theory and not peculiar to a contract for the lease of real property. The parties must have reached final agreement upon all essential terms of a valid contract, without reservation of any such term for future negotiation, and those terms must be embodied in a writing (Real Property Law, § 259; *Ansorge* v. *Kane,* 244 N. Y. 395; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.,* 235 N. Y. 30; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310). If originally in the form of an option, the contract becomes complete and mutual upon acceptance by the optionee (*Jones* v. *Barnes,* 105 App. Div. 287). Provision for the execution of a more formal contract is immaterial if form alone is subject to future approval (*Sanders* v. *Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209).

In previous decisions which have denied enforcement of similar contracts to lease real property we find either that the written agreement clearly indicated that additional terms were to be negotiated or that such a reservation was demonstrated upon trial (*Weill Co.* v. *Creveling,* 181 App. 282, affd. 223 N. Y. 672; *Palombi* v. *Volpe,* 222 App. Div. 119; *Mercer* v. *Payne & Sons Co.,* 115 Neb. 420; *Goldstine* v. *Tolman,* 157 Wis. 141). And such contracts have been held enforcible although a number of customary provisions were omitted (*Bondy* v. *Harvey,* 62 F. 2d 521 [C. C. A. 2d]; *Liggett Co.* v. *Rose,* 152 Md. 146; *Reck* v. *Daley,* 72 Ohio App. 307). The absence of provisions " usually found " in commercial leases might have been of crucial significance here if defendant had attempted to prove that the written contract did not set forth a complete agreement. Absent such proof, judicial notice may provide us with the customary terms of such a lease, but it cannot furnish evidence as to the actual agreement between these parties. The findings and judgment of the Appellate Division are without support in the record, and must be reversed.

However, we agree that the judgment of the trial court should be modified. Plaintiff has neither alleged nor proved any substantial basis for the broad injunctive provisions in para-

graphs 2 through 4 of the original decree, or for the award to plaintiff of any excess in rent, beyond the amount set forth in the contract, which has been collected by defendant. Injunctive relief should be addressed only to acts which are " threatened and imminent " (see *People* v. *Canal Board,* 55 N .Y. 390, 395). No threat of interference with plaintiff's possession has been shown, and if any should develop plaintiff then may seek an appropriate remedy. Although plaintiff might have recovered damages in this action (*Worrall* v. *Munn,* 38 N. Y. 137), the appropriate measure would have been " the amount of such loss, as it appeared he had suffered by the defendants' breach " (*Bernstein* v. *Meech,* 130 N. Y. 354, 359). Where plaintiff had expected to occupy the premises for its own business, the profit of defendant bears no conceivable relation to the injury to plaintiff. Moreover, the latter did not attempt to establish any damages.

The judgment of the Appellate Division should be reversed and that of Special Term modified by striking therefrom decretal paragraphs 2 through 5 and, as so modified, affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment accordingly.