258 F.2d 228
 CALVINE MILLS, INC., a corporation of the State of New
Jersey, individually and as successor in interest to Uncas
Printing & Finishing Co., Inc., Smitherman Cotton Mills,
Inc., Greenwich Printing & Dyeing Co., Inc., Lancashire
Textile Processing Corp., Calvine Cotton Mills, Inc., and
Lumber River Cotton Mills, Inc., Plaintiff-Appellee,
v.
L. A. SLESINGER, INCORPORATED, a corporation of the State of
New York, Defendant-Appellant.
 No. 256, Docket 24925.
 United States Court of Appeals Second Circuit.
 Argued April 14, 1958.
Decided July 14, 1958.
 
 Sydney Isadore Turtz, West New York, N.J., for and of counsel with plaintiff-appellee.
 Otterbourg, Steindler, Houston & Rosen, New York City (Aaron Rosen, Frederic P. Houston and Arthur A. Greenfield, New York City, of counsel), for defendant-appellant.
 Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 Plaintiff commenced this action to recover the price of a quantity of goods allegedly sold and delivered to the defendant under a number of salesnotes. The defendant moved to stay the action on the ground that the parties had agreed to arbitrate the identical matters which were the subject of the litigation and that an arbitration proceeding initiated by the plaintiff and concerning these matters was then pending. Upon the denial of this motion by the trial judge, the defendant filed this appeal. Although an unfortunate distinction still exists between the appealability of stays in so-called 'legal' and 'equitable' actions, Baltimore Contractors v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, no question arises here as to our jurisdiction, for the plaintiff's action is clearly one previously considered 'at law.' Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583; Wilko v. Swan, 2 Cir., 1953, 201 F.2d 439, reversed on other grounds, 1953, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168.
 
 
 2
 Each of the salesnotes upon which the present action is based contains the following provision:
 
 
 3
 'Any controversy relating to this contract shall at the option of the Seller be settled by arbitration. Arbitration shall be held in the City of New York in accordance with the rules then obtaining of the General Arbitration Council of the Textile Industry. * * *'
 
 
 4
 On April 19, 1957 the plaintiff, asserting various claims against the defendant, notified the General Arbitration Council of the Textile Industry that it sought arbitration with the defendant. The terms of the notification leave no room for doubt that plaintiff intended, by this notification, to commence arbitration of its claims.[1] The Council, upon receiving plaintiff's demand for arbitration, so notified the defendant and received in return, from the defendant, a letter requesting clarification of the issues which the plaintiff wished to arbitrate. This request was made necessary because plaintiff's demand for arbitration specified only that its claim arose under 'several salesnotes.' The defendant's letter requesting additional details also contained a reservation of 'all rights granted to it by law to contest the existence of any contracts calling for arbitration or the right of Calvine Mills, Inc. to arbitrate,' but indicated defendant's willingness to arbitrate by stating the defendant was 'prepared and will be very pleased indeed to enter into an arbitration submission agreement so that all claims and counterclaims between * * * (plaintiff and defendant) may be adjudicated * * *.' Thereafter the parties met and attempted to formulate issues to be presented for arbitration but this attempt was unsuccessful.[2]
 
 
 5
 The plaintiff, thereupon, instead of pressing its demand for arbitration commenced the present action in the court below. On appeal, it concedes that the issues which it seeks to have adjudicated in this action are the same as those for which it demanded arbitration. The only ground by which it seeks to sustain the order of the court below refusing a stay pending arbitration is that the parties never entered into a binding agreement to arbitrate. This contention is without merit.
 
 
 6
 The plaintiff, by virtue of the terms contained in its salesnotes had the option of adjudicating its claims against the defendant either before an arbitration tribunal or in a court of law. Under the law of New York, the place where the contract of sale was made, an option is considered as an offer which ripens into a contract upon acceptance by the optionee. See 1130 President St. Corp. v. Bolton Rlty. Corp., 1949, 300 N.Y. 63, 89 N.E.2d 16; Heller v. Pope, 1928, 250 N.Y. 132, 164 N.E. 881. Once the option has been exercised there is a contract mutually binding upon each of the parties. The optionee cannot withdraw from the contract with impunity any more than the optionor can do so. Orr v. Doubleday, Page & Co., 1918, 223 N.Y. 334, 119 N.E. 552. Hence, when the plaintiff exercised its option by demanding arbitration it took the final step necessary to create a binding arbitration agreement between itself and the defendant. No manifestation of assent by the defendant was necessary. The plaintiff was entitled-- more than that it was contractually obligated-- to assert whatever claims it had against the defendant before an arbitration tribunal. Hence, defendant's motion to stay the District Court action pending arbitration should have been granted; for both the New York and Federal arbitration acts, whichever may be applicable, provide that a court 'shall stay' an action if it is brought upon any issue referable to arbitration under a written agreement between the parties. New York Civil Practice Act, 1451; 9 U.S.C. 3.
 
 
 7
 The order of the trial judge denying defendant's motion to stay the action pending arbitration is reversed and the cause is remanded to the district court with instructions to grant the stay as requested.
 
 
 
 [1]
 The last paragraph of plaintiff's letter of notification to the Council states:
 'Would you be so kind as to set this matter up for arbitration, notify the said L. A. Slesinger Incorporated of this demand and submit to us a list of arbitrators so that we may make our choice.'
 
 
 [2]
 Though plaintiff appears to urge the contrary, a fair reading of the record indicates that the defendant was not in 'default' under the contract to arbitrate, 9 U.S.C. 3. Cf. Lane, Ltd. v. Larus & Brother Co. Inc., 2 Cir., 1957, 243 F.2d 364