Hugh S. Coyle, J.
This is an action for specific performance tried before the court without a jury. The action was commenced by plaintiff purchaser, predicated upon a written agreement to sell a parcel of real property located at 185 North Central Avenue, Elmsford, New York.
The agreement in question provides as follows:

Subsequent to the execution of the above agreement, the then attorney for the defendants sellers prepared and submitted a formal contract to the plaintiffs. This contract provided, among other things, the following: “ The purchaser, by execution of *238 this contract, agrees to take title to and assume payment of the remaining installments of the North Blmsford' Sewer District tax or assessment.”
Following the receipt by the purchasers of the formal contract they raised a question relative to their, obligation to pay the remaining installments of the North Blmsford sewer assessment. There ensued some discussions about the matter between the purchaser and the attorney for the sellers, which resulted in a proposed reduction of the purchase price from $36,000 to $35,000, and a reduction in the amount of the purchase-money mortgage from $26,000 to $25,000. The formal contract was then executed by the purchaser and forwarded to. the seller’s attorney, together with a check for $3,000. This contract was never signed by the sellers and subsequent to the date set for closing in the “ Binder ” agreement, the sellers refused to execute the contract as amended, retained new counsel and advised the purchasers that they considered the entire transaction to be terminated. On September 29, 1958, the day before the closing called for in both contracts above referred to, the substituted attorney for the sellers wrote to plaintiff’s attorney advising him that the contract and the $3,000' check were being returned by defendants’ former attorney, and the original check for $500 was returned enclosed in that letter. Thereafter and on October 10, 1958, this action was commenced by the service of the summons and complaint.
The courts of this State have repeatedly held that they will specifically enforce an agreement or memorandum between parties covering the sale of real property which is complete on its face. (Dobbs v. King, 274 App. Div. 996, affd. 302 N. Y. 602; Tobias v. Lynch, 192 App. Div. 54, affd. 233 N. Y. 515; Kroll v. Zimmerman, 88 N. Y. S. 2d 440, appeal dismissed 91 N. Y. S. 2d 751, affd. 276 App. Div. 1098; Price v. Kline, 277 App. Div. 885; 1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63.)
The law in this State appears to be well settled that where an agreement executed between the parties such as we have in this case, even though lacking elements which would normally be in a contract, is sufficient to bind the parties. The agreement before the court contains all of the elements necessary to spell out a contract for the sale of real property.
It is the defendant’s contention that by reason of the confusion which arose as a result of the insertion in the more formal contract intended to supersede the original agreement between the parties, of the provision with respect to sewer assessments, the entire transaction must fall. With this the court does not agree. *239 The only question presented, was who was to pay the sewer assessment under the terms of the original agreement. The North Elmsford sewer assessment was levied and financed.pursuant to the provisions of sections 242 and 243 of the Town Law, and as such, each installment thereof becomes a lien only from the time the same became payable. The municipal bonds to finance this improvement have been sold and the only method of payment remaining is payment of the prorata share of interest and amortization on such bonds when due. It is neither possible nor permitted for a taxpayer to pay the full amount of the assessment remaining at one time, once the municipal bonds have been sold. Since the assessment does not become a lien until the installments are due, it follows that the liability for payment of same would be upon the purchaser, except, of course, for the apportionment of the current installment.
It is, therefore, the judgment of this court that the defendants specifically perform the agreement of sale and that the plaintiff accept title subject to all future sewer assessments not already due.
This opinion shall constitute the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment on notice.