**KORODY MARINE CORPORATION, Plaintiff-Appellee,**

v.

**MINERALS & CHEMICALS PHILIPP CORPORATION, Defendant-Appellant.**

No. 321, Docket 27434.

United States Court of Appeals Second Circuit.

Argued March 5, 1962.

Decided March 5, 1962.

Arthur M. Becker, New York City (Foley, James & Conran, New York City, on the brief), for plaintiff-appellee.

Herbert R. Louis, New York City (Weitzner & Rosenblatt, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

We affirm in open court the district judge's denial of a stay of this action pending arbitration.

The controversy came before the court on a motion by the defendant for a stay of further proceedings in the district court pending the determination of the defendant's appeal, but this motion has become moot because of the parties' agreement to argue the appeal at once.

This is a diversity action in which plaintiff claims damages for breach of a contract whereby defendant became its sales and shipping agent for scrap metal produced by plaintiff's demolition operations. The initial contract, which expired by its terms on December 31, 1960, contained an arbitration clause which the parties agree would require arbitration of this dispute; the matter on which the parties differ is whether or not they thereafter agreed to continue this contract in effect so that the arbitration clause applied to the transactions here in question.

A preliminary question arises as to the appealability of the refusal to stay the action to allow the disputes to be arbitrated. Since we believe the action to be one at law, it follows that the denial of the stay is appealable under 28 U.S.C. § 1292(a) (1) as an order refusing an injunction. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935); Calvine Mills, Inc. v. L. A. Slesinger, Inc., 2 Cir., 258 F.2d 228; see Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955).

We see no reason not to accept the trial judge's factual conclusion that the parties did not agree to renew the contract which expired December 31,

1960. There is no claim that any of the transactions in question took place before the expiration of the contract. The fact that the parties continued to deal under some sort of informal arrangement does not mean that the terms of the expired formal contract continued to apply.

Affirmed.