■ SHORELL LABORATORIES, INC., Appellant, *v.* H. ALLEN LIGHTMAN, INC., Respondent.— Order entered August 4, 1965, denying an injunction *pendente lite* to restrain defendant from disposing of a trade-mark known as "Formula M7", reversed, on the law and on the facts, without costs and without disbursements, and the motion granted. Plaintiff was organized in 1960. It is engaged in the cosmetic business. Formula M7 was filed as a trade-mark on January 13, 1961; registration was effected January 14, 1964. Defendant is in the advertising business. Defendant's principals are H. Allen Lightman, Irma Shorell Lightman and Harry Steinfield. They were directors of the plaintiff from 1960 to December 11, 1964; they were also officers of the plaintiff from 1960 to January 28, 1965. H. Allen Lightman is the son-in-law and Irma Shorell Lightman is the daughter of the plaintiff's principal stockholder. Defendant claims ownership of the trade-mark. The claim is based on an alleged invoice of the plaintiff to the defendant dated October 1, 1964 and an alleged assignment dated January 26, 1965. Defendant asserts the assignment is pursuant to an agreement therefor made November, 1960. The 1960 agreement is evidenced by purported letters of the plaintiff to the defendant dated November 4 and 9, 1960. The November 4 letter is addressed to "Miss Irma Shorell" and signed by "H. Allen Lightman" in behalf of the defendant. The November 9 letter is addressed to "H. Allen Lightman, President" of the defendant and signed by "Irma Shorell (Lightman)" for the plaintiff. H. Allen and Irma are husband and wife. Daniel Shorell, now plaintiff's president, first discovered the purported assignment after the turnover to the plaintiff of its papers in January, 1965, following the removal of Irma and H. Allen as officers and directors of plaintiff. Daniel Shorell owns a majority of plaintiff's stock. If the letters are genuine, they demonstrate a possible conflict of interest on the part of the writers, who, as its officers and directors, owed a fiduciary duty to the plaintiff. (*Blaustein* v. *Pan Amer. Petroleum & Transp. Co.*, 293 N. Y. 281.) Breach of that fiduciary duty may require the defendant to be deemed trustee of the property thus obtained. (*Meinhard* v. *Salmon*, 249 N. Y. 458.) Moreover, section 909 of the Business Corporation Law requires the disposition of substantially all of the assets of the corporation not in the usual or regular course of business to be approved by the board of directors and two thirds of the outstanding shares of the corporation. Plaintiff's claim that the trade-mark Formula M7 is its principal asset is not factually challenged. The disposition of substantially all of its assets not in the regular course of business without such approval is invalid as to the plaintiff. (*Matter of Timmis*, 200 N. Y. 177.) Defendant maintains it does not intend to transfer or dispose of the trade-mark. On the other hand, a denial of the temporary injunction would expose plaintiff to irreparable injury should defendant dispose of same. An

injunction here will merely preserve the *status quo* and cause no harm to either party. Suggestions with reference to the amount of the bond will be entertained on the settlement of the order. Concur — McNally, Eager and Staley, JJ.; Breitel, J. P., and Valente, J., dissent in the following memorandum by Valente, J. A preliminary injunction is authorized by CPLR 6301 upon proof that a defendant "threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual". In this action plaintiff seeks a judgment declaring that a certain trade-mark, "Formula M7", is the property of plaintiff, directing defendant to reassign the trade-mark to plaintiff, and permanently enjoining defendant from making any use of the trade-mark. In essence, plaintiff claims that the trade-mark was obtained by defendant without permission or ratification of the Board of Directors or stockholders of plaintiff corporation. Plaintiff corporation was organized in September, 1960, for the purpose of engaging in the cosmetic business. It is a close corporation having four shareholders, viz., I. Daniel Shorell, H. Allen Lightman, Irma Shorell Lightman and Harry Steinfield. Defendant corporation, which was in existence before the plaintiff was incorporated, is an advertising agency specializing in marketing and sales promotion in the cosmetics business. Defendant's principals are the Lightmans and Steinfield. The instant suit was brought when the principals in plaintiff corporation had a falling out and the Lightmans and Steinfield were removed as its officers in January, 1965. Defendant asserts a right of ownership to the trade-mark, "Formula M7" by virtue of a contract entered into shortly after the incorporation of plaintiff, whereby the trade-mark was to be registered nominally in plaintiff's name but plaintiff agreed to assign it thereafter to defendant. Defendant claims that the trade-mark had to be registered initially under plaintiff's name, although conceived by defendant, because the trade-mark law required that a product had to be sold in interstate commerce before application could be made for a trade-mark. Since defendant was an advertising agency, and not a distributor, the application had to be made in the name of a distributor — which plaintiff was. Although application for the trade-mark was filed on January 13, 1960, it was not registered by the U. S. Patent Office until January 14, 1964. Thereafter, in July, 1964, the parties confirmed their contract of 1960, and, in January, 1965, plaintiff made a formal assignment of the trade-mark to respondent pursuant to the antecedent agreement. Defendant further alleges that Shorell's role in organizing and operating the plaintiff corporation was minimal. It is stated, without contradiction, that Shorell's capital contribution was only $450 and that he had done no work. He had, nevertheless, drawn $40,000 from the company over a four-year period. Moreover, Shorell's control of plaintiff's present corporate shell is said by defendant to result only from carelessness in the original incorporation, presumably induced by the close familial relationship, rather than through design. The record uncontrovertibly shows that the name "Formula M7" was the brain child of defendant. Moreover, in none of the affidavits is there any averment by I. Daniel Shorell — who is the father of Mrs. Lightman — that he had no knowledge during the period from 1960 to 1964 of the contract to assign the trade-mark to defendant. Significant, in this connection, is the fact that defendant paid the legal fees, in the first instance, for registration of the trade-mark. The crux of plaintiff's complaint is that at the time the contract to reassign the trade-mark was made, the parties involved were guilty of conflict of interest in that they were officers and directors of plaintiff, and Lightman and Steinfield were officers and controlling stockholders of defendant corporation. Moreover, it is urged that the transfer of "Formula M7"

violated section 909 of the Business Corporation Law in that it amounted to a disposition of substantially all of the assets of the corporation, not in the usual or regular course of business, and that such a transfer could only be legally effective upon approval of the Board of Directors and a two-thirds majority of the stockholders of the corporation. Despite the majority's reflections on the genuineness of the 1960 letters (or contract), plaintiff's papers contain nothing to impair their standing. Indeed, for that reason plaintiff's affidavits fail to submit a prima facie case on evidentiary facts. Defendant's papers in opposition to plaintiff's motion for a temporary injunction challenged the charge of conflict of interest by averring that at the time the contract was made in 1960, the situation could not involve any conflict of interest, since it was part and parcel of the circumstances surrounding the inception of the plaintiff corporation. Additionally, as to the claim of violation of subdivision (a) of section 909 of the Business Corporation Law, defendant submitted affidavits, particularly the reply affidavit, to show that the trade-mark did not constitute all or substantially all of the assets of the corporation. On a motion for a preliminary injunction, a court should not pretry the issues. The record demonstrates that there is a sharp and unreconcilable dispute as to the material facts upon which plaintiff's claim for ultimate relief rests. In *Park Terrace Caterers* v. *McDonough* (9 A D 2d 113, 114) this court said: "The drastic remedy of temporary injunction is not to be granted unless a clear right to the relief demanded is established upon the moving papers." Upon the record here, it must be said, as a matter of law, that plaintiff has not made the requisite clear or any demonstration of a right to injunctive relief. The conflicting contentions and issues of the parties must await full exploration at a trial, and the parties can obtain a speedy trial if they so desire. Moreover, a preliminary injunction under CPLR 6301 may be granted only when a defendant "threatens or is about to do, or is doing or procuring or suffering to be done" an act in violation of plaintiff's rights. (CPLR 6301.) The preliminary injunction sought here is to restrain defendant from assigning the trade-mark to some third person. Defendant avers that it has no intention of assigning the trade-mark to anyone. Plaintiff has submitted no facts to show that defendant's denial of any intent to transfer is not genuine. Nothing in the record tends to show that defendant has threatened or is about to make any such transfer. What is more, it is apparent that this pending lawsuit would make any transfer to anyone in the cosmetic industry too difficult, as a practical matter, if not impossible. Plaintiff's public court challenge to defendant's title is in itself a sufficient barrier to preserve the *status quo* since no business man would take a transfer in the face of the allegations made by plaintiff in this suit. In *1130 President St. Corp.* v. *Bolton Realty Corp.* (300 N. Y. 63, 69) the court said: "Injunctive relief should be addressed only to acts which are 'threatened and imminent'". Since the record shows no transfer is threatened or even contemplated, injunctive relief was inappropriate, as a matter of law. I, therefore, dissent, and would affirm the order of Special Term denying plaintiff's motion for a temporary injunction.