**SEARS ROEBUCK AND COMPANY**
**et al., Plaintiffs,**

v.

**HERBERT H. JOHNSON ASSOC., INC.,**
**et al., Defendants.**

**Civ. No. 490–69.**

United States District Court,
D. Puerto Rico.

May 11, 1971.

Ruben Rodriguez-Antongiorgi, Fiddler, Gonzalez & Rodriguez, San Juan, P. R., for plaintiffs.

Wallace Gonzalez-Oliver, Gonzalez Jr. Gonzalez-Oliver, Blanco Lugo & Moran, Santurce, P. R., for defendants.

## MEMORANDUM AND ORDER

FERNANDEZ-BADILLO, District Judge.

The complaint in this case was filed on June 16th, 1969. Plaintiffs claimed damages caused by a fire that occurred on July 16th, 1968, in their store building located in Bayamón, Puerto Rico, allegedly as a result of codefendant's breach of their obligations under certain construction contract and subcontracts.

Two of the codefendants, Edward J. Gerrits, Inc., and Edward J. Gerrits of Puerto Rico, Inc. (hereinafter jointly referred to as "Gerrits", in their first opportunity to plead,[1] appeared on October 17, 1969 before this Court solely to request the dismissal of the complaint alleging that the claim asserted therein was subject to an arbitration clause under the Construction Contract entered on September 12, 1967 between Sears Roebuck of Puerto Rico, Inc., and Edward J. Gerrits, Inc.; Clause 7.10.1 of said Construction Contract:

> All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach therefore, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining. This agreement so to arbitrate shall be specifically en-

1. Upon plaintiff's motion the Court entered an order on September 26, 1969 appointing a particular person to serve summons on the "Gerrits" at any place within the Commonwealth of Puerto Rico and/or any of the Virgin Islands.

forceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

On February 4th, 1969, plaintiffs filed a motion in opposition to Gerrits' request for arbitration alleging (1) that Gerrits had waived their right to arbitrate the claims by not making a timely demand and by not requesting arbitration upon accepting the final payment under the construction contract; (2) that the arbitration clause was unenforceable as a matter of public policy under Section 11.190 of the Insurance Code of Puerto Rico (26 L.P.R.A. Sec. 1119.[2]

Section 1 of the Arbitration Law of Puerto Rico (32 L.P.R.A. Sec. 3201) provides:

> Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this chapter, any dispute which may be the object of an existing action between them at the time they agree to the arbitration; or they may include in a written agreement a provision for the settlement by arbitration of any dispute which may in future arise between them from such settlement or in connection therewith. Such an agreement shall be valid, requirable and irrevocable except for the grounds prescribed by law for the reversal of an agreement.

In Puerto Rico there is a strong public policy favoring the arbitration of disputes, McGregor-Doniger v. Tribunal Superior, 98 D.P.R. 864 (1970); Hilti, Inc. v. Oldach, 392 F.2d 368 (1st Cir., 1968).

This Court has no doubt and so determines that Gerrits did not waive its right to arbitrate Sears' claims under the contract. The fact that Gerrits negotiated with plaintiffs the possible settlement of their respective claims cannot be interpreted as Gerrits' waiver of its right to arbitrate the same. To hold the contrary would be against the public policy in favor of the extra-judicial settlement of claims.

Plaintiffs' reliance on the provisions of Section 9.7.6[3] of the general conditions of the contract to support its contention that Gerrits waived its right to arbitrate the claims is without merit. Assuming for the present purposes that the payments made by plaintiffs to Gerrits on June 4th and May 21, 1969 constitute "final payment" of the contract price, the acceptance of the same will only mean that Gerrits waived its claims against plaintiffs. It does not imply that they waived its right to arbitrate plaintiff's claims.

The case of Korody Marine Corp. v. Minerals & Chemicals Philipp Corp., 1962, 2 Cir., 300 F.2d 124, and the Annotation in 5 A.L.R.2d 1008 cited by plaintiffs to support their contention

---

**2.** (1) No policy delivered or issued for delivery in Puerto Rico and covering a subject of insurance resident, located, or to be performed in Puerto Rico, shall contain any condition, stipulation, or agreement: (a) Depriving the insured of right of access to the courts for determination of his right under the policy in event of dispute. (b) Depriving the courts of Puerto Rico of jurisdiction of action against the insurer. (c) Limiting right to institute action against the insurer to a period of less than one year from date cause of action accrues in connection with all insurances other than property and marine and transportation policies such right shall not be limited to a period of less than one year from the date

of occurrence of the event resulting in the loss. (d) Requiring that the policy be governed by the laws of any other jurisdiction except as necessary to meet the requirements of motor vehicle financial responsibility laws or compulsory disability benefit laws of such other jurisdiction. (2) Any condition, stipulation, or agreement in violation of this section shall be void, but such voidance shall not affect the validity of the other provisions of the policy.

**3.** Sec. 9.7.6. "The acceptance of final payment shall constitute a waiver of all claims by the Contractor except those previously made in writing and still unsettled."

that the proceedings in this case should not be stayed pending arbitration because the claim for arbitration was made after the expiration of the contract are not applicable to the facts of the present case. The holding of the *Korody* case applies only to cases in which the claim that ought to be arbitrated arises from a transaction that occurs *after the expiration of the contract,* whereas in the present case the claim arises from the alleged breach of the contract that provides for arbitration. The demand for arbitration can be made either initially by the claiming party or by the claimed party after he knows of the dispute when notified of the filing of an action by the claiming party. It cannot be interpreted that, because plaintiffs initially chose the judicial forum to press their claims after the expiration of the contract, Gerrits is deprived of its right to arbitrate the same in the proper and agreed forum of arbitration. To hold otherwise would give the opportunity to the party objecting to arbitration to defeat the contractual right of the other by his inaction and delay in prosecuting his claims. That simply cannot be.

 Section 11.190 of the Insurance Code of Puerto Rico (26 L.P.R.A. Sec. 1119)[4] cited by plaintiffs to support their contention that claims for losses resulting from fire are not subject to arbitration is also inapplicable to the facts of this action. Said section enumerates several conditions which may not be contained in an insurance contract. The present action is based on a construction contract. The fact that the construction contract requires that the risk of fire be covered by insurance does not convert the same into an insurance contract.

4. See *supra* 1.

5. "If any of the parties to a written arbitration agreement institutes action or other legal remedy, the court before which said action or remedy is pending shall, after being satisfied that any dispute

Although the motion filed by Gerrits on October 17, 1969 requested the dismissal of the complaint, this Court considers it as a motion requesting a stay of the proceedings in view of Section 3 of the Arbitration Act of Puerto Rico (32 L.P.R.A. Section 3203).[5]

In view of the foregoing it is therefore,

Ordered that the proceedings in this case against Edward J. Gerrits, Inc., and Edward J. Gerrits of Puerto Rico, Inc., be and are hereby stayed, until the claims asserted against them in the complaint filed in this case are submitted to arbitration and such arbitration has been proceeded with, according to the agreement.

involved in said action or remedy may be submitted to arbitration under said agreement, and on motion of any of the parties to the arbitration agreement, order said action or remedy stayed, until such time as the arbitration has been proceeded with, according to the agreement."