■ DORIS M. TAUSSIG, Appellant, v PINES ENTERPRISES, INC., Respondent,

et al., Defendant.—Order and judgment (one paper), Supreme Court, New York County, entered November 1, 1976, which declared that plaintiff is a tenant at will in certain premises (first cause of action) and dismissed the second cause of action seeking to enjoin defendant from initiating a proceeding to evict or terminate plaintiff's occupancy, unanimously modified, on the law, to the extent of striking the last four decretal paragraphs of said order and judgment (which, *inter alia,* dismissed the second cause of action and declared plaintiff to be a tenant at will) and substituting therefor a declaration that the March 29, 1968 agreement is valid and enforceable and a direction that the parties execute a suitable form of lease containing the usual terms not inconsistent with the terms of the 1968 agreement, and, as so modified, affirmed, without costs and without disbursements, and the matter remanded to the Supreme Court for further proceedings. In 1968 plaintiff's husband, Theodore Taussig, executed an assignment of lease whereby he assigned his long-term leasehold interest in certain premises on Fire Island to the defendant in consideration for the payment of $160,000. This assignment also provided that until the assignee demolished the premises, the assignor had the right to continue to occupy them without payment of rent and that upon notice of intent to demolish, the assignor was to vacate and the assignee was to provide the assignor with suitable space without payment of rent. The agreement further provided that the new structure was to contain a suite of rooms to be used by the assignor, which rooms were described in detail. Most importantly, it was provided that "The Assignee shall execute a lease to the Assignor at a rental of TWO THOUSAND ($2,000.00) DOLLARS per annum for said premises for a period of ten (10) years commencing on the date when said premises are substantially completed and made available for occupancy by the Assignee". This new lease was to run until 1982, with rent after the first 10 years to be increased to $2,500 per year. Rental was to be payable monthly in advance. Further, it was agreed that the new lease contain, *inter alia,* a limited provision permitting assignment of the lease and a provision giving Taussig, upon certain conditions, an option to renew for 15 years at stated rentals. Defendant demolished the premises and completed erecting new premises in 1972, which contained the aforesaid suite. Plaintiff's husband entered into possession. In 1972, defendant tendered an agreement of lease which it had not executed and which differed from the terms of the 1968 agreement. Plaintiff's husband did not execute the tendered lease, but continued in possession paying rent which was accepted by defendant. In 1975, plaintiff's husband died and defendant tendered to plaintiff another lease which plaintiff refused to execute. In March, 1976, defendant wrote plaintiff stating that since defendant did not have a lease with plaintiff, she was a trespasser. Plaintiff instituted the instant action seeking, *inter alia,* a declaratory judgment that the 1968 agreement constituted a binding and enforceable agreement of lease and that she had the right to quiet enjoyment. She moved for summary judgment urging that the 1968 agreement was binding and enforceable. Defendant opposed, taking the position that there were factual issues to be tried. Special Term viewed plaintiff as the lawful successor in interest to her late husband, but declared, in effect, that the 1968 agreement was not enforceable as it did not contain all essential elements of an agreement and was, at most, a mere agreement to agree. However, the 1968 assignment of lease does contain all essential ingredients necessary to constitute an agreement to give a lease. The 1968 agreement, after spelling out the essential terms of the lease, specified that the assignee "shall execute" a lease upon the described terms. There is no indication in

the 1968 agreement that other terms were necessarily to be included in the formal document to be executed later. The fact that various other terms typically found in leases were not included, does not mean that the 1968 agreement was not effective and enforceable (there being all essential terms) (cf. *1130 President St. Corp. v Bolton Realty Corp.*, 300 NY 63; *Farr v Newman*, 18 AD2d 54, affd 14 NY2d 183). The fact that the 1968 agreement called for the execution of a formal lease does not mean that the defendant was not bound by the 1968 agreement which contained all the necessary elements of a lease. As stated in *1130 President St. Corp. v Bolton Realty Corp., (supra*, p 68): "Provision for the execution of a more formal contract is immaterial if form alone is subject to future approval *(Sanders v. Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209)". Defendant never submitted such an executed lease. Under the terms of the enforceable 1968 agreement, the parties contemplated execution of a formal document, i.e., a separate lease form. It thus appears that they intended to include in the lease to be executed other standard provisions, having regard for custom and usage in the usual lease form not inconsistent with and embodying the terms already set forth in the 1968 agreement. Concur—Stevens, P. J., Lupiano, Birns, Capozzoli and Markewich, JJ.