◼ C. H. NELSON AGENCY, INC., Respondent, v EDGAR GRAVDAHL, Appellant.—Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered September 16, 1991 in Washington County, upon a decision of the court in favor of plaintiff.

Defendant purchased a farm in Washington County in October 1986. Plaintiff is a domestic corporation that sells insurance policies for New York Mutual Underwriters. On October 7, 1986, plaintiff issued a binder insuring defendant's farm against theft and other losses with New York Mutual. In accordance therewith, New York Mutual issued a three-year policy insuring defendant's farm with annual premiums to be paid on the effective date of each renewal period. In October 1986, defendant was billed by plaintiff for the first year's premium commencing October 10, 1986 and ending October 9, 1987. The billing notified defendant that a late charge of 1.5% would be assessed each month against any outstanding bal-

ance on the account until paid in full. Defendant did not pay the premium when billed, as the result of which plaintiff advanced the full premium due to New York Mutual for which it was later reimbursed by defendant.

Before the effective date of the first renewal of the policy, plaintiff billed defendant for the premium for the second year of coverage. However, due to a personal crisis, defendant was unable to pay the premium by the effective date for renewal. Plaintiff again advanced the full premium on behalf of defendant and sought reimbursement from defendant along with any assessed late charges due on the outstanding account balance. On March 24, 1988 and July 27, 1988, plaintiff received payments of $350 and $500 from defendant as partial payment on the premium. In March 1988, while defendant was out of the United States, more than 11,000 bales of hay were stolen from defendant's farm. In December 1988, after returning to the United States, defendant discovered the theft and made a claim directly to New York Mutual for such loss. New York Mutual issued a check for $12,650 to defendant to cover the loss of the stolen hay in exchange for a general release running from defendant to New York Mutual.

In September 1988, defendant canceled all insurance policies with plaintiff, leaving an outstanding balance of $1,029.01 due on the renewal premium after applying necessary credits and before adding applicable late charges. In December 1988, plaintiff issued a final notice to defendant demanding payment of the outstanding balance. Defendant notified plaintiff that he was not obligated to pay the outstanding balance based upon the release he executed in favor of New York Mutual. In March 1989, plaintiff commenced this action against defendant seeking to recover the amount of the outstanding balance together with late charges. After a nonjury trial, Supreme Court found that the parties entered into a contract and directed defendant to pay plaintiff the outstanding balance in the amount of $970.93 plus interest from July 27, 1988. This appeal by defendant ensued.

Defendant contends that he did not authorize plaintiff to pay the second-year policy premium on his behalf and did not enter into any contract with plaintiff. Defendant, therefore, concludes that Supreme Court erred in finding that the parties entered into a contract. We disagree. While there is no evidence of an express contract between the parties, the facts of this case warrant a finding of a quasi contract in order to

assure a just and equitable result. As stated in *Bradkin v Leverton* (26 NY2d 192): "Quasi contracts are not contracts at all, although they give rise to obligations more akin to those stemming from contract than from tort. The contract is a mere fiction, a form imposed in order to adapt the case to a given remedy. * * * Briefly stated, a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure a just and equitable result. * * * 'The obligation implied under such circumstances * * * is such as justice would dictate, and must conform to what the court may assume would have been the agreement of the parties, if the situation had been anticipated and provided for' " (*supra,* at 196-197, quoting *Dermott v State of New York,* 99 NY 101, 109 [citations omitted]). It is undisputed that plaintiff had previously advanced premium payments on defendant's behalf for which defendant made reimbursement. When plaintiff paid the renewal premium on defendant's behalf we must assume that the parties would have agreed that defendant was to reimburse plaintiff for the premium together with any late charges due on the outstanding balance. Indeed, it is noteworthy that had plaintiff not paid the renewal premium, defendant would not have been covered for the $12,750 loss he sustained by reason of the theft that occurred at his farm during the renewal period. Under the circumstances equity clearly mandates that we imply a quasi contractual obligation.

Defendant's remaining contentions are either without merit or unpreserved for our review.

Weiss, P. J., Mikoll, Levine and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.