■ Wood Realty Trust, Appellant, v N. Storonske Cooperage Company, Inc., et al., Respondents. [646 NYS2d 410] —Casey, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 20, 1995 in Rensselaer County, which,

---

*inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, the owner of three apartment houses located near defendants' commercial property, commenced this action in 1994 to recover damages arising out of the contamination of the three wells that serve plaintiff's apartment houses. It is undisputed that defendants' business operation resulted in the contamination of the groundwater under defendants' property and that testing of neighboring wells, including those which serve plaintiff's apartment houses, revealed varying levels of similar contamination. The groundwater contamination was confirmed in 1985. In October 1986 plaintiff was informed by the Rensselaer County Department of Health that low levels of contamination had been discovered in plaintiff's wells and that although the contamination did not then pose a significant health risk, the wells would be monitored on a continuous basis.

The contamination of plaintiff's wells continued at low levels, and in May 1988 defendants offered to provide bottled water to plaintiff's tenants. Plaintiff initially refused the offer, but after the tenants indicated that they wanted bottled water, plaintiff accepted defendants' offer. The bottled water was thereafter provided at no cost to plaintiff or its tenants. Although monitoring of plaintiff's wells continued to reveal low levels of contamination, defendants stopped paying for the bottled water in early 1994. Plaintiff arranged to continue bottled water for its tenants and thereafter commenced this action against defendants to recover damages arising out of the contamination of its property.

Plaintiff's complaint is based upon allegations of negligence, nuisance and trespass. Defendants' answer includes an affirmative defense based on the three-year Statute of Limitations contained in CPLR 214-c. After issue was joined, defendants moved for summary judgment dismissing the complaint as untimely or, in the alternative, for failure to state a cause of action due to the absence of any damages. Plaintiff cross-moved for leave to amend its complaint to add a breach of contract cause of action. Supreme Court denied the cross motion, granted defendants' motion and dismissed the complaint as untimely. Plaintiff appeals.

Although leave to amend pleadings should be freely given, it will be denied when the claim to be added by the amendment is legally insufficient (*see, e.g., Dodge v Victory Mkts.,* 199 AD2d 917, 919-920). Consideration is, of course, an essential element of a contract, but so long as "something of 'real value in the

eye of the law' was exchanged" the adequacy of the consideration is not a proper subject of judicial inquiry (*Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 476). Discontinuance of a pending action, execution of a release or a promise to forego future litigation can constitute valid consideration (*see, Williamsville Cent. School Dist. v New York State Urban Dev. Corp.*, 142 AD2d 981, 982). There are, however, no allegations in this case of any discontinuance, release or promise to forego future litigation given by plaintiff in return for defendant's promise to supply bottled water. That plaintiff did in fact forebear from bringing suit for a period of time is insufficient, in and of itself, to constitute valid consideration (*see, Strong v Sheffield*, 144 NY 392). We conclude, therefore, that the allegations of plaintiff's proposed amended complaint are legally insufficient to establish the breach of an express contract based upon defendant's failure to continue providing bottled water. Nevertheless, we are of the view that Supreme Court erred in denying plaintiff's cross motion.

As the Court of Appeals explained in *Bradkin v Leverton* (26 NY2d 192, 196-197): "Quasi contracts are not contracts at all, although they give rise to obligations more akin to those stemming from contract than from tort. The contract is a mere fiction, a form imposed in order to adapt the case to a given remedy. * * * Briefly stated, a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure a just and equitable result. * * * 'The obligation implied under such circumstances * * * is such as justice would dictate, and must conform to what the court may assume would have been the agreement of the parties, if the situation had been anticipated and provided for' " (quoting *Dermott v State of New York*, 99 NY 101, 109 [citations omitted]).

The allegations of the proposed amended complaint establish that defendants did not promise to provide bottled water for any particular term and plaintiff did not promise to forebear bringing an action. Nevertheless, defendants did provide bottled water for nearly six years as a remedy for the low level of contamination revealed by the monitoring of plaintiff's wells. The allegations are sufficient to give rise to an inference that plaintiff was satisfied with its tenants' receipt of bottled water as an appropriate remedy for the contamination of its wells and, therefore, elected not to pursue an action for damages against defendants. During the period that defendants provided the bottled water as a remedy for the contamination of

plaintiff's wells caused by defendants' pollution of the groundwater, the Statute of Limitations ran on plaintiff's action for damages caused by the contamination. As a result of the parties' conduct, plaintiff sustained a detriment in the loss of its remedy at law and defendants gained a benefit in their avoidance of potential liability for damages caused by the contamination of plaintiff's wells. There is at least a question of fact as to whether the value of this detriment/benefit far outweighed the value of the bottled water provided by defendants so as to establish unjust enrichment, which is generally recognized as essential to an action based upon quasi contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). We conclude that in the circumstances of this case plaintiff's proposed amended complaint states a viable cause of action based upon quasi contract (*see, Nelson Agency v Gravdahl*, 183 AD2d 1037) and, therefore, plaintiff's cross motion for leave to amend the complaint should have been granted.

With regard to the dismissal of plaintiff's causes of action based upon negligence, nuisance and trespass, it is undisputed that the claims were not timely interposed (*see*, CPLR 214-c), and plaintiff's waiver argument is meritless (*see*, General Obligations Law § 17-103). We note that defendants' conduct appears to give rise to an issue of whether defendant should be barred from asserting the Statute of Limitations on equitable estoppel grounds (*see generally, Simcuski v Saeli*, 44 NY2d 442, 448-449). Neither party, however, has addressed the issue. In any event, we have taken into account the relevant equitable considerations in finding a viable cause of action based on quasi contract. As a final matter, we note that we have not attempted to differentiate among the various defendants with regard to potential liability because the parties have not done so at this stage of the proceeding.

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion; cross motion granted; and, as so modified, affirmed.