■ FARAMARZ ELGHANIAN, Appellant, v PHILIP ELGHANIAN et al., Respondents. [717 NYS2d 54] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered May 18, 2000, which, after a nonjury trial, dismissed the complaint and nullified the subject note, guarantee and liens, with related relief, unanimously affirmed, with costs.

Reliable, albeit contested, evidence supports all of the trial court's essential factual conclusions (*see, Daley v Related Cos.*, 236 AD2d 340, *lv denied* 90 NY2d 803), and appellant's self-serving view of the evidence affords no reason to disturb the determination on appeal (*see, Castillo v New York City Hous. Auth.*, 266 AD2d 55, *lv denied* 94 NY2d 761). Evidence supports the court's conclusion that the subject note was not supported by consideration for which the parties bargained (*see, e.g., Wood Realty Trust v Storonske Cooperage Co.*, 229 AD2d 821, 823), that the rate was usurious under the circumstances, and that plaintiff intended to extend a loan at the rate expressed in the instrument (*see, Hammond v Marrano*, 88 AD2d 758, 759). There is no evidence that the 1992 accounting did not satisfy the letter of the so-called closing agreement (*see, Poley v Sony Music Entertainment*, 163 Misc 2d 127, 131), and, in any event, we agree with the trial court that the agreement is unenforceable because it lacks essential terms (*cf., Taussig v Pines Enters.*, 56 AD2d 548, 550, *mot to dismiss appeal granted* 42 NY2d 824). Plaintiff's demand for an accounting sounding in equity was properly rejected since there is no evidence supporting a conclusion that defendants owed plaintiff a duty based on a special relationship (*see, Kaminsky v Kahn*, 23 AD2d 231, 235). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.