■ THOMAS SEAMAN, Appellant, et al., Plaintiff, v BELLMORE FIRE DISTRICT et al., Respondents. [873 NYS2d 181]—

In an action to recover damages for personal injuries, etc., the plaintiff Thomas Seaman appeals from an order of the Supreme

Court, Nassau County (Feinman, J.), dated May 7, 2007, which granted the defendants' motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and denied his cross motion for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly concluded that the defendants were entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). "The contemplated hazards [of Labor Law § 240 (1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514 [1991]). The defendants established that the appellant's injury did not result from the type of elevation-related hazard contemplated by Labor Law § 240 (1) and, in response, the appellant failed to raise a triable issue of fact (*see Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781, 783 [1993]; *Biafora v City of New York,* 27 AD3d 506 [2006]).

The Supreme Court was also correct in denying that branch of the appellant's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6). In order to establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident (*see Mercado v TPT Brooklyn Assoc., LLC,* 38 AD3d 732, 733 [2007]). Moreover, where such a violation is established, it does not conclusively establish a defendant's liability as a matter of law, but constitutes some evidence of negligence and "thereby reserve[s], for resolution by a jury, the issue of whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 351 [1998]; *see Long v Forest-Fehlhaber,* 55 NY2d 154, 160 [1982]; *Daniels v Potsdam Cent. School Dist.,* 256 AD2d 897, 898 [1998]). Here, the appellant failed to establish his prima facie entitlement to judgment as a matter of law and, thus, that branch of his motion which was for summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action was correctly denied regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

We decline the defendants' request that we search the record and award them summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). Ritter, J.P., Florio, Miller and Carni, JJ., concur.