■ Michael Wild, Appellant, v Michael S. Hayes et al., Respondents. [891 NYS2d 199]—

Stein, J.

In September 2001, defendant Michael S. Hayes hired a contractor to excavate the rear portion of his property on Blind Rock Road in the Town of Queensbury, Warren County. In 2003, plaintiff became interested in purchasing property—then owned by a third party—which abuts and adjoins the area where Hayes excavated, in order to create a residential subdivision. Plaintiff ultimately had the land surveyed and discovered that the excavation work that Hayes had performed had extended over his property line onto the adjoining parcel. Despite this knowledge, plaintiff purchased the land in February 2004 without any adjustment to the purchase price or assignment of the seller's rights to sue for damages. However, prior to the purchase, the parties had a conversation wherein Hayes agreed to "improve the situation the best [he] could." One day following plaintiff's purchase of the property, plaintiff wrote to Hayes proposing that the latter take certain remedial actions and indicating his desire "to resolve this matter as soon as possible." Hayes responded, indicating, among other things, that he would "study" plaintiff's request and would contact plaintiff. Thereafter, the parties had further communications regarding the matter and Hayes performed some remediation to the property, but plaintiff was dissatisfied with Hayes's efforts.

Plaintiff commenced this action on December 5, 2005 against Hayes and defendant Hayes Construction Group, LLC[1] for, among other things,[2] trespass, conversion, negligence and breach of contract. In their answer to the complaint, defendants raised affirmative defenses of failure to state a cause of action and violation of the applicable statutes of limitations. Supreme Court denied plaintiff's subsequent motion for partial summary judgment on the breach of contract claim and granted defendants' cross motion for summary judgment dismissing the complaint in its entirety, finding no triable issues of fact regarding the existence of a contract and, further, that plaintiff lacked standing to bring the remaining claims and, in any event, that

---

1. Plaintiff has not addressed in his brief on this appeal Supreme Court's finding that there was no valid claim against Hayes Construction Group, LLC. Accordingly, we deem plaintiff's argument in this regard to be abandoned.

2. Plaintiff consented to dismissal of the third and seventh causes of action which sounded in violation of RPAPL 861 because he was not the fee owner of the property at the time of any alleged trespass.

such claims were not timely. Plaintiff now appeals and we affirm.

Addressing first plaintiff's breach of contract claim, it is well settled that, "[t]o create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]) and consideration (*see Wood Realty Trust v Storonske Cooperage Co.*, 229 AD2d 821, 822-823 [1996]). Here, the record is bereft of evidence demonstrating a meeting of the minds as to the material terms of the alleged contract. Indeed, Hayes's response to plaintiff's correspondence can hardly be characterized as an acceptance at all. While it appears that the parties were working toward an agreement for the remediation of the subject parcel, it is uncontroverted that their discussions lacked any specifics regarding what work was to be done or the time frame within which it was to be completed.

Nor was there any evidence that plaintiff provided any consideration in exchange for Hayes's agreement to perform remedial work on the property. Plaintiff concedes that there was no discussion between the parties regarding compensation for Hayes's remediation efforts. As to plaintiff's contention that the consideration consisted of his promise to forbear from litigation, even if plaintiff had a valid cause of action from which to forbear, there is no record evidence that such a promise was made (*see Wood Realty Trust v Storonske Cooperage Co.*, 229 AD2d at 823). Thus, plaintiff failed to establish a prima facie entitlement to judgment on his breach of contract claim or to raise any triable issues of fact precluding an award of summary judgment to Hayes on such claim (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

With respect to plaintiff's remaining claims, plaintiff lacked standing to sue for negligence, trespass or conversion inasmuch as plaintiff did not own, or have possessory rights to, the property when any such causes of action accrued (*see Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]; *Cornick v Forever Wild Dev. Corp.*, 240 AD2d 980, 981 [1997]; *Ahles v Aztec Enters.*, 120 AD2d 903, 903-904 [1986], *lv denied* 68 NY2d 611 [1986]) and plaintiff did not obtain an assignment of the previous owner's rights when he purchased the property. Moreover, any claim for injury to the property was deemed to have accrued in 2001 when such injury would have been apparent (*see Alamio v*

*Town of Rockland*, 302 AD2d 842, 844 [2003]). Thus, the three-year statute of limitations expired in 2004, prior to plaintiff's commencement of this action (*see* CPLR 214 [4]), and any claims for trespass, conversion and negligence are, therefore, time-barred. Accordingly, Supreme Court correctly determined that defendant was entitled to judgment dismissing the complaint as a matter of law.

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the order is affirmed, with costs.