State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 12, 2017                    521383
_____

ROBERT V.,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

KATHY BANGO et al.,
                        Respondents.
_____


Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____


        Robert V., Troy, appellant pro se.

        Phelan, Phelan & Danek, LLP, Albany (Ryan A. Perry of counsel), for Kathy Bango and another, respondents.

        O'Connor, O'Connor, Bresee & First, PC, Albany (Steven V. DeBraccio of counsel), for Jeffrey M. Daly, respondent.

_____


Rose, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.), entered March 26, 2015 in Saratoga County, which, among other things, granted defendants' motions to dismiss the complaint.

        Following the psychiatric hospitalization of plaintiff's child at defendant Four Winds Hospital, a dispute arose between plaintiff and his ex-wife, the mother of the child, regarding a psychiatric drug prescribed for the child by defendant Kathy Bango, one of the child's mental health providers.  Plaintiff

reported to defendant Jeffrey M. Daly, another one of the child's mental health providers and Bango's supervisor, that the ex-wife continued to administer the medication to the child despite the fact that Bango had discontinued the child's treatment with that medication.  When Daly failed to take action against the ex-wife, plaintiff, pro se, commenced this action against defendants asserting seven causes of action sounding in, among other things, medical malpractice committed against him and breach of an agreement to investigate the matter.  Defendants each moved pre-answer to dismiss the complaint, and plaintiff cross-moved for an order permitting him to amend the complaint to add a cause of action for medical malpractice on behalf of the child.  In opposition to plaintiff's motion, defendants proffered a 2014 custody order entered on consent which provides that, although plaintiff has joint legal custody of the child, the ex-wife has the sole and final decision-making authority regarding the child's mental health issues.  Supreme Court thereafter granted defendants' motions and denied plaintiff's cross motion. Plaintiff now appeals.

We cannot agree with plaintiff's contention that Supreme Court erred in dismissing his medical malpractice claim.  A review of the complaint establishes that the allegations of medical malpractice are directed solely to the injury or risk of injury sustained by the child.  The complaint is utterly devoid of any claim that plaintiff himself suffered an injury that was proximately caused by treatment provided to him by defendants (see James v Wormuth, 21 NY3d 540, 545 [2013]).  Thus, even accepting as true plaintiff's allegation that he, as well as the child, were defendants' patients (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]), we agree with Supreme Court that he failed to state a cause of action for medical malpractice.

Plaintiff also failed to state a cause of action against defendants for breach of Daly's alleged oral agreement to investigate the ex-wife's actions and to share the results of

that investigation with plaintiff, inasmuch as plaintiff's promise not to pursue legal action against defendants for failing to conduct such an investigation cannot constitute valid consideration for Daly's alleged oral promise. While "[d]iscontinuance of a pending action, execution of a release or a promise to forego future litigation can constitute valid consideration" (Wood Realty Trust v Storonske Cooperage Co., 229 AD2d 821, 823 [1996]), plaintiff's claimed consideration here is nothing more than a promise not to sue for the failure to fulfill the same promise that he relies upon as forming the basis of the oral contract – namely, Daly's promise to investigate the ex-wife's actions. Under these circumstances, we find that plaintiff's promise to forgo litigation does not constitute valid consideration and, thus, Supreme Court properly dismissed this claim (compare Della Rocco v City of Schenectady, 278 AD2d 628, 630 [2000], lv denied 96 NY2d 709 [2001] [the plaintiff's agreement to forgo litigation challenging the application of an amendment to General Municipal Law § 207-a constitutes valid consideration for the defendant's agreement to pay him the difference between his retirement benefit and salary for life]; Joab Commercial Laundries v Reeder, 159 AD2d 489, 490 [1990] [the plaintiff's agreement to forgo proceeding upon an order that it had obtained constitutes valid consideration for the defendant's stipulation of settlement]).

Finally, Supreme Court did not abuse its discretion in denying plaintiff's cross motion to amend the complaint to add a medical malpractice cause of action on behalf of the child. Although the 2014 custody order sets forth that plaintiff and the ex-wife share joint legal custody of the child, it also provides that the ex-wife "shall have sole, final and controlling decisionmaking responsibilities and power" with respect to the child's mental health care. A review of plaintiff's proposed amendment reveals that the gravamen of the additional cause of action is to directly challenge the ex-wife's mental heath care decision – an area of responsibility specifically excepted from plaintiff's joint legal custody. Given the terms of the 2014

custody order, plaintiff lacks the capacity to bring this claim.

Plaintiff's remaining contentions have been considered and determined to be without merit.

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court