BSI, LLC v Raimo (2021 NY Slip Op 03439)





BSI, LLC v Raimo


2021 NY Slip Op 03439


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2017-10143 
2018-04096
 (Index No. 604186/14)

[*1]BSI, LLC, plaintiff/counterclaim defendant-appellant,
v
Ugo Raimo, et al., defendants/counterclaim plaintiffs- respondents; Bert Brodsky, et al., counterclaim defendants-appellants.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and David A. Shargel of counsel), for plaintiff/counterclaim defendant-appellant and counterclaim defendants-appellants.
The Stolper Group, LLP, New York, NY (Michael Stolper of counsel), for defendants/counterclaim plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff/counterclaim defendant and the counterclaim defendants appeal from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered August 1, 2017, and (2) an order of the same court entered March 2, 2018. The order entered August 1, 2017, insofar as appealed from, denied that branch of the motion of the plaintiff/counterclaim defendant and the counterclaim defendants which was for summary judgment on the complaint, in effect, denied those branches of that motion which were for summary judgment dismissing the affirmative defenses and the third, fourth, and seventh counterclaims in the amended answer, and, upon searching the record, awarded the defendants/counterclaim plaintiffs summary judgment dismissing the complaint. The order entered March 2, 2018, insofar as appealed from, denied the motion of the plaintiff/counterclaim defendant and the counterclaim defendants for leave to renew and reargue their prior motion for summary judgment and the award of summary judgment to the defendants/counterclaim plaintiffs dismissing the complaint.
ORDERED that the appeal from so much of the order entered March 2, 2018, as denied that branch of the motion of the plaintiff/counterclaim defendant and the counterclaim defendants which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered August 1, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered March 2, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants/counterclaim plaintiffs.
In May 2007, Ugo Raimo contracted to purchase certain commercial property in Port Washington for the sum of $1,950,000. Ugo made a down payment in the sum of $1,100,000 and ultimately sought financing for the remainder of the purchase price from Bert Brodsky, the manager of BSI, LLC (hereinafter the plaintiff). In July 2007, Ugo, on behalf of his company, Southampton Masonry Tools, LLC (hereinafter Southampton), executed a note in favor of the plaintiff in the sum of $645,000, which was secured by a mortgage on certain property in Port Washington. Thereafter, Ugo, on behalf of Southampton, executed a second note in favor of the plaintiff in the sum of $115,000, which was secured by a mortgage on certain property in Port Washington. In July 2008, Southampton and the plaintiff entered into a mortgage consolidation, extension, and modification agreement to consolidate the first and second notes, and Ugo, on behalf of Southampton, executed a consolidated note in favor of the plaintiff in the sum of $760,000. Also in July 2008, Ugo and Antonio Raimo executed personal guaranties whereby they personally guaranteed payment of all principal and interest due on the consolidated note.
In September 2008, Antonio, on behalf of Southampton, executed a note in favor of the plaintiff in the sum of $72,000, which was secured by a mortgage on certain property in Port Washington, and Ugo and Antonio executed a personal guaranty whereby they personally guaranteed payment of all principal and interest due on the September 2008 note. Also in September 2008, the plaintiff requested that Southampton enter into an option agreement whereby the plaintiff would have the option to purchase certain property in Port Washington owned by Southampton (hereinafter the subject property) for the sum of $820,000 in the event Southampton defaulted on the notes, with the option open until Southampton's satisfaction of the notes. The option agreement further provided that upon execution of the option agreement, Southampton was to deliver a bargain and sale deed to the subject property, and that upon the recording of the deed, the notes and personal guaranties would become "null and void."
On May 10, 2011, Ugo executed a deed to transfer the subject property to P.W. Capital, LLC (hereinafter P.W. Capital), an entity owned by Brodsky, for the sum of $832,000, and the deed was recorded on June 8, 2011. In December 2013, P.W. Capital sold the subject property to nonparty Donald Markowitz for the sum of $1,200,000.
In August 2014, the plaintiff commenced this action against Ugo, Antonio, and Southampton (hereinafter collectively the defendants) to recover on the July 2008 consolidated note and the personal guaranties executed by Antonio and Ugo. The plaintiff alleged that in May 2011, following the defendants' default on the consolidated note and the guaranties, the defendants entered into an acknowledgment agreement with the plaintiff whereby the defendants acknowledged the defaults and that they were not released from the repayment of the amount owed and would repay that sum with interest pursuant to the terms of the consolidated note. In an amended answer, the defendants asserted affirmative defenses and counterclaims against the plaintiff as well as Brodsky, P.W. Capital, and 1-3 Manorhaven Boulevard, LLC (hereinafter collectively the counterclaim defendants), alleging, inter alia, that the acknowledgment agreement was not enforceable because it was not supported by any consideration.
Thereafter, the plaintiff and the counterclaim defendants moved for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims. In an order entered August 1, 2017, the Supreme Court, inter alia, denied that branch of the motion which was for summary judgment on the complaint and, upon searching the record, awarded summary judgment to the defendants dismissing the complaint. The plaintiff and the counterclaim defendants then moved, among other things, for leave to renew the prior motion for summary judgment and the award of summary judgment to the defendants dismissing the complaint. In an order entered March 2, 2018, the court, inter alia, denied that branch of the motion which was for leave to renew. The plaintiff and the counterclaim defendants appeal.
Contrary to the plaintiff's contention, it failed to establish its prima facie entitlement to judgment as a matter of law on the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320). In support of the motion for summary judgment, the plaintiff submitted, inter alia, copies of the option agreement and the acknowledgment agreement, and an affidavit of Brodsky, who attested that the [*2]plaintiff's issuance of the loan in September 2008 was conditioned upon the defendants' consent to the option agreement, which was memorialized in the acknowledgment agreement. As the Supreme Court noted, the option agreement provided that upon the recording of a deed to the subject property, the notes and guaranties would become "null and void." Since the acknowledgment agreement submitted by the plaintiff indicated that Southampton transferred title to the subject property to the plaintiff's assignee by deed in April 2011, and the plaintiff confirmed that the deed was recorded in June 2011, the consolidated note and guaranties were rendered void pursuant to the terms of the option agreement.
Furthermore, as the Supreme Court properly determined, the acknowledgment agreement did not operate to revive the consolidated note and guaranties, which had been rendered void upon transfer of the subject property pursuant to the option agreement. "Consideration to support an agreement exists where there is either a benefit to the promisor or a detriment to the promisee" (Guzman v Ramos, 191 AD3d 644, 646 [internal quotation marks omitted]). Here, the plaintiff failed to establish, prima facie, that the acknowledgment agreement was supported by consideration of any "real value," so as to render enforceable the defendants' acknowledgment in that agreement of their obligation to pay the amounts due under the subject loan (Apfel v Prudential-Bache Sec., 81 NY2d 470, 476 [internal quotation marks omitted]; see Reddy v Mihos, 160 AD3d 510, 515; Korff v Corbett, 155 AD3d 405, 410; Robert V. v Bango, 146 AD3d 1101, 1102; Del Carmen Libasci v Singares, 128 AD3d 1239, 1241; Wild v Hayes, 68 AD3d 1412, 1414; Elghanian v Elghanian, 277 AD2d 162, 162). Accordingly, the court properly denied that branch of the motion which was for summary judgment on the complaint, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Although the defendants did not move for summary judgment, "[t]he Supreme Court has the authority, pursuant to CPLR 3212(b), to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion" (Fair Chase Holdings II, LLC v County of Dutchess, 165 AD3d 1237, 1238; see Murray v Murray, 28 AD3d 624, 625). Under the circumstances presented, the Supreme Court properly searched the record and awarded summary judgment to the defendants dismissing the complaint.
The Supreme Court properly denied that branch of the subsequent motion of the plaintiff and the counterclaim defendants which was for leave to renew the prior motion for summary judgment and the award of summary judgment to the defendants dismissing the complaint, since the movants failed to assert any new facts not proffered on the prior motion that would have changed the prior determination (see CPLR 2221[e]).
The remaining contentions of the plaintiff and the counterclaim defendants either are without merit or need not be reached in light of our determination.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court