Nationstar Mtge., LLC v Chase (2022 NY Slip Op 05040)

Nationstar Mtge., LLC v Chase

2022 NY Slip Op 05040

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-04672
 (Index No. 703233/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
Arthur H. Chase III, et al., defendants, Maurice Oparaji, appellant.

Maurice Oparaji, Rosedale, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl and Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maurice Oparaji appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered February 20, 2019. The order denied (1) those branches of that defendant's motion which were for leave to renew and reargue his opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him, which had been granted in an order of the same court (Howard G. Lane, J.) entered September 14, 2017, and (2) that branch of that defendant's renewed motion which was for discovery sanctions or, in the alternative, to compel discovery.
ORDERED that the appeal from so much of the order entered February 20, 2019, as denied that branch of the motion of the defendant Maurice Oparaji which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered February 20, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage on certain real property owned by Arthur H. Chase III and Cynthia Turner. The defendant Maurice Oparaji (hereinafter the defendant), a subordinate lienholder, was the only defendant who appeared in the action. In 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and the defendant moved for discovery sanctions or, in the alternative, to compel discovery. In an order entered July 27, 2017, the Supreme Court denied the defendant's motion with leave to renew. In an order entered September 14, 2017, the court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
Subsequently, the defendant moved, among other things, for leave to renew his opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him and renewed that branch of his prior motion which was for discovery sanctions [*2]or, in the alternative, to compel discovery. By order entered February 20, 2019, the Supreme Court, inter alia, denied those branches of the motion. The defendant appeals.
The Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was for leave to renew his opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, as the defendant failed to assert any new facts not proffered on the prior motion that would have changed the prior determination (see CPLR 2221[e]; BSI, LLC v Raimo, 195 AD3d 590, 594).
Further, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's renewed motion which was for discovery sanctions or, in the alternative, to compel discovery, as the defendant failed to demonstrate his need for the requested discovery (see CPLR 3101[a]; 3123[a]; Vyas v Campbell, 4 AD3d 417, 418), including a copy of the subject note, which, contrary to his claim that it was never produced, was attached to the complaint.
Accordingly, we affirm the order entered February 20, 2019, insofar as reviewed.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court