Prashad v New York City Dept. of Hous. Preserv. & Dev. (2023 NY Slip Op 04604)

Prashad v New York City Dept. of Hous. Preserv. & Dev.

2023 NY Slip Op 04604

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-01535
 (Index No. 716325/20)

[*1]Dianna Prashad, appellant, 
v
New York City Department of Housing Preservation and Development, respondent, et al., defendant.

Hecht Law Group, PLLC, West Hempstead, NY (Mitchell M. Hecht of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (John Moore and Amy McCamphill of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the plaintiff is no longer bound by certain terms in a deed and a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 25, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant New York City Department of Housing Preservation and Development which were pursuant to CPLR 3211(a) to dismiss the first and fifth causes of action, and denied, as academic, the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant New York City Department of Housing Preservation and Development which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action, and adding a provision thereto deeming that branch of that defendant's motion to be for a declaratory judgment in its favor, and thereupon granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant New York City Department of Housing Preservation and Development, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, making the appropriate declarations.
The plaintiff owns a home situated in Queens. She acquired the home through a grant program for first-time homeowners that included a tax abatement. In so acquiring the home, the plaintiff agreed to certain terms to the effect that she would reside in the home as her primary residence for 25 years and, if she sold it, she would have to pay the outstanding debt and a portion of the sales profits. The plaintiff commenced this action against the defendant New York City Department of Housing Preservation and Development (hereinafter the City defendant) and her neighbor, the defendant Gail McMillan. The plaintiff asserted causes of action, among others, to recover damages for breach of contact and for a judgment declaring that she is no longer bound by these terms. Among the allegations were that McMillan acquired McMillan's home through the same program and was bound by the same terms, that McMillan moved out of the home and rented it to tenants, that the tenants were harassing the plaintiff and her wife, and that the City defendant refused to take action despite being notified of the situation.
The City defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff cross-moved for leave to amend the complaint. In an order entered January 25, 2021, the Supreme Court granted the City defendant's motion and denied, as academic, the plaintiff's cross-motion. The plaintiff appeals from so much of the order as granted those branches of the City defendant's motion which were to dismiss the first and fifth causes of action, and denied, as academic, her cross-motion.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 861 [internal quotation marks omitted]). Further, where, as here, "evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Isnady v Walden Preserv., L.P., 208 AD3d 564, 567 [internal quotation marks omitted]).
"[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations internal quotation marks omitted]).
Applying these principles here, the Supreme Court properly concluded that the City defendant was entitled to a judgment declaring that the plaintiff remains bound by the challenged terms in the deed and the mortgage. The plaintiff's own allegations, along with the evidentiary material submitted in support of the motion to dismiss, resolved, as a matter of law, the parties' dispute.
The plaintiff's remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiff remains bound by the challenged terms in the deed and the mortgage (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court