AA Med., P.C. v Miller (2024 NY Slip Op 50795(U))

[*1]

AA Med., P.C. v Miller

2024 NY Slip Op 50795(U)

Decided on June 6, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2022-989 S C

AA Medical, P.C., Appellant,
against
Heather L. Miller, D.D.S., P.C. and Heather L. Miller, D.D.S., Respondents. 

Pinks, Lipshie, White & Nemeth, Esqs. (Harold I. Guberman of counsel), for appellant.
Certilman, Balin, Adler & Hyman, LLP (Anthony B. Cummings of counsel), for respondents.

Appeal from an order of the Suffolk County Court (James F. Matthews, J.), dated November 3, 2022. The order granted defendants' motion to dismiss the complaint for failure to state a cause of action, and for summary judgment, and denied plaintiff's cross-motion for summary judgment.

ORDERED that the order is affirmed, without costs.
Plaintiff, the occupant of Unit 10D at a condominium, commenced this action against defendants, the occupants of Unit 10C at the condominium, seeking declaratory relief, and damages for private nuisance, conversion, continuing trespass to land, tortious interference with contract, and tortious interference with prospective economic advantage based on defendants' alleged encroachment upon plaintiff's signage space on a shared sign at the parking lot for Building 10 at the condominium. After filing an answer, defendants moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]) and for summary judgment (see CPLR 3212), and plaintiff cross-moved for summary judgment. In an order dated November 3, 2022, the County Court (James F. Matthews, J.) granted defendants' motion in its entirety, and denied plaintiff's cross-motion, on the ground that "no valid cause of action exists against defendant[s] as the Board of Managers are solely responsible for the common areas including the road sign at issue."
"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 682 [2012] [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). In evaluating whether the pleading states a cause of action, "the pleading is to be afforded a liberal construction," the court must "accept the facts as alleged in the complaint as true, accord [the] plaintiff[] the benefit of every possible favorable [*2]inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130 [2021] [internal quotation marks omitted]). However, "[w]hen evidentiary material is considered [on a motion to dismiss for failure to state a cause of action], the criterion [becomes] whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d at 275). The same standard applies when a party moves for summary judgment "premised on failure to state a cause of action" and has submitted "evidentiary material in addition to the pleadings" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d at 132 [internal quotation mark omitted]; see Seidler v Knopf, 186 AD3d 889, 890 [2020]; Drexler v Highlift, Inc., 277 AD2d 196, 197 [2000]). 
In its complaint, plaintiff alleged that the condominium consisted of medical offices and that each building in the condominium had a parking lot with shared signage space for the occupants of each building. Plaintiff claimed that it installed two signs on the shared signage space outside Building 10, and that, in late August 2019, defendants covered one of plaintiff's signs on the shared sign display with a larger sign for defendants' business, resulting in a decrease in the number of new patients plaintiff treated. In support of defendants' motion, defendants submitted the Declaration and Bylaws of the condominium (the governing documents), which provide that signs may not be installed without the written consent of the Board of Managers, and that the common elements also may not be altered without the written consent of the Board of Managers. The governing documents also define the common elements of the condominium as "including all the land [and] parking areas." The governing documents provide that the Declaration and Bylaws, as well as any rules adopted by the Board of Managers, are binding upon all unit owners and occupants of the condominium. Defendants also provided a copy of new rules adopted by the Board of Managers on October 2, 2019 pertaining to the signage space located outside of each building. The rules state that each unit owner is entitled to one quarter of the signage space.
Plaintiff sought a "declaratory judgment that it is [currently] entitled to display its signage as it was [assembled on the shared sign] prior to [d]efendants' removal/obstruction of [p]laintiff's signage in or around late-August 2019." "Upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented by the controversy" (Prashad v New York City Dept. of Hous. Preserv. & Dev., 219 AD3d 1354, 1356 [2023] [internal quotation marks and alterations omitted]). Plaintiff is not currently entitled to a declaratory judgment, as it was occupying over one quarter of the signage space in August 2019, and it is bound by the new rules adopted by the Board of Managers. Consequently, the County Court properly dismissed this cause of action.
The remaining causes of action were properly dismissed, as they are erroneously predicated on plaintiff's right to display its signs. In support of plaintiff's cross-motion, plaintiff [*3]submitted an affidavit of its principal physician who admitted that he never obtained the written consent of the Board of Managers prior to erecting plaintiff's signs. Therefore, plaintiff's submissions establish "that a material fact as claimed by the pleader . . . is not a fact at all," warranting dismissal of the complaint (Guggenheimer v Ginzburg, 43 NY2d at 275; see Peter F. Gaito Architecture, LLC v Simone Dev. Corp., 46 AD3d 530 [2007]), as plaintiff had no right to display its signs without Board approval.
More specifically, plaintiff failed to state a cause of action for private nuisance, conversion, or continuing trespass to land, as it did not have the requisite property interest in the signage space to establish that defendants interfered with plaintiff's right to use and enjoy the signage space (see Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037 [2022]; Aristides v Foster, 73 AD3d 1105, 1106 [2010]; Weinberg v Lombardi, 217 AD2d 579, 579 [1995]), that defendants interfered with plaintiff's right to possess the signage space (see Siegler v Lippe, 189 AD3d 903, 904 [2020]; Wild v Hayes, 68 AD3d 1412, 1414 [2009]; see also Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]), or that defendants encroached on plaintiff's right to exclusive possession of the signage space (see Wild v Hayes, 68 AD3d at 1414; Zimmerman v Carmack, 292 AD2d 601, 602 [2002]; Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 5-6 [1987]). Further, plaintiff also failed to state a cause of action for tortious interference with contract, as this cause of action alleged that plaintiff had a right to display its signs pursuant to a contract with the condominium but, again, this right was contingent upon the Board's approval. Additionally, plaintiff failed to allege that the condominium breached a contract with plaintiff, a required element of an action for tortious interference with contract (see Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624 [2020]; Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 476 [2009]). The cause of action for tortious interference with prospective economic advantage was also properly dismissed, as plaintiff did not identify any prospective patients that it may have lost due to defendants' actions of covering up plaintiff's sign (see Mehrhof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 714 [2019]; Learning Annex Holdings, LLC v Gittelman, 48 AD3d 211, 211 [2008]).
Accordingly, the order is affirmed, albeit on a different ground than that relied upon by the County Court.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 6, 2024