## Ndoci v Trinity Northeast Brooklyn L.P.

2024 NY Slip Op 34481(U)

December 23, 2024

Supreme Court, Kings County

Docket Number: Index No. 502048/2021

Judge: Joy F. Campanelli

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF KINGS: IAS PART 6

---------------------------------------------------------------X

KASTRIOT NDOCI and ALBANA NDOCI,

                              Plaintiff,

          -against-

TRINITY NORTHEAST BROOKLYN LIMITED
PARTNERSHIP, HP VAN DYKE III HOUSING
DEVELOPMENT FUNCT COMPANY, INC.,
MEGA CONTRACTING GROUP LLC., TRINITY
FINANCIAL INC., TRINITY NORTHEAST
BROOKLYN GP LLC, and NEW YORK CITY
HOUSING AUTHORITY,

                              Defendants.

---------------------------------------------------------------X

TRINITY NORTHEAST BROOKLYN LIMITED
PARTNERSHIP, HP VAN DYKE III HOUSING
DEVELOPMENT FUNCT COMPANY, INC.,
MEGA CONTRACTING GROUP LLC., TRINITY
FINANCIAL INC., TRINITY NORTHEAST
BROOKLYN GP LLC, and NEW YORK CITY
HOUSING AUTHORITY,

                              Third-Party Plaintiffs,

          -against-

B&V CONTRACTING ENTERPRISES, INC.,

                              Third-Party Defendant.

---------------------------------------------------------------X

> At the I.A.S. Trial Term, Part 6 of the
> Supreme Court of the State of New York, held
> in and for the county of Kings, at the
> Courthouse, located at 360 Adams Street,
> Borough of Brooklyn, City and State of New
> York, on the 23 day of December 2024

Index No.:  502048/2021

**DECISION AND ORDER**

Hon. Joy F. Campanelli, J.S.C.

The following e-filed papers read herein:                                    NYSCEF Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____     89-102, 120-139
Opposing Affidavits (Affirmations)_____     108-119
Affidavits/ Affirmations in Reply  _____     140
Other Papers:

1

[* 1]

Plaintiff moves by Notice of Motion seq. no. 3, seeking summary judgment on their Labor Law § 241(6) claim, predicated on Defendants' alleged violation of Industrial Code §§ 23-1.7(e)(1), 23-1.7(e)(2), and 23-2.1(a).

Pursuant to C.P.L.R. § 3212, to succeed on a motion for summary judgment, the movant's burden is to establish, by proof in admissible form, prima facie entitlement to judgment as a matter of law and the absence of any material issues of fact. *William J. Jenack Est. Appraisers & Auctioneers, Inc. v. Rabizadeh*, 22 N.Y.3d 470, 475, 5 N.E.3d 976, 980 (2013). Once this burden has been met, the opposing party is required to demonstrate the existence of a triable issue of fact or an acceptable excuse for their failure to do so. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 560, 404 N.E.2d 718, 718 (1980). Pursuant to C.P.L.R. § 3212(b), the Supreme Court has the authority to review the record and grant summary judgment to a nonmoving party with respect to issues that were the subject of the movant's summary judgment motion. *BSI, LLC v. Raimo*, 195 A.D.3d 590, 594, 150 N.Y.S.3d 104, 108 (2021); *Fair Chase Holdings II, LLC v. Cnty. of Dutchess*, 165 A.D.3d 1237, 1238, 87 N.Y.S.3d 602 (2018). Establishing liability under Labor Law § 241(6), requires a plaintiff to demonstrate that the defendant's violation of a specific Industrial Code section was the proximate cause of the accident. *Seaman v. Bellmore Fire Dist.*, 59 A.D.3d 515, 516, 873 N.Y.S.2d 181 (2009).

Industrial Code §§ 23-1.7(e)(1), and 23-2.1(a) both require the site of an alleged accident to be a passageway. A passageway within the meaning of the Industrial Code has been interpreted as a walkway or pathway used to traverse between discrete areas. *Steiger v. LPCiminelli, Inc.*, 104 A.D.3d 1246, 961 N.Y.S.2d 634 (2013). In arguing that the site of the accident is a passageway, Plaintiff offers photographs of the room where Plaintiff tripped but they do not allege that this location is used to traverse between discrete areas on the worksite or

2

[* 2]

that Plaintiff was using this space as a passageway at the time of the accident. As such, Plaintiff has not made a prima facie showing of entitlement to judgment as a matter of law on a violation of Industrial Code §§ 23-1.7(e)(1), or 23-2.1(a) because these subsections are inapplicable.

Industrial Code § 23-1.7(e)(2) provides that "the parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.7(e)(2). In support of their summary judgment motion, Plaintiff produced admissible evidence that their injuries were directly and proximately caused by tripping over Styrofoam used to support a window being stored in their work site. However, as Defendants argued, this Styrofoam cannot be considered "the accumulations of dirt and debris" or "scattered tools and materials" or "sharp projections" as contemplated by § 23-1.7(e)(2). As such, Plaintiff cannot establish prima facie entitlement to judgment as a matter of law for a violation of this Industrial Code subsection.

Although Defendants did not move for summary judgment, the Court is compelled to grant summary judgment in their favor after a review of the record. Industrial Code §§ 23-1.7(e)(1), 23-1.7(e)(2), and 23-2.1(a) are not applicable to the facts of this case as a matter of law. With regards to §§ 23-1.7(e)(1) and 23-2.1(a), the site of the accident was not a passageway within the meaning of the Industrial Code and the Court is unconvinced any triable issues of fact exist as to the applicability of these subsections. Additionally, Industrial Code § 23-1.7(e)(2) does not apply because the Styrofoam on which Plaintiff tripped does not fall into a category covered by this subsection. After a review of the record, no triable issues of fact exist as to whether § 23-1.7(e)(2) applies. Plaintiff's Labor Law § 241(6) claim is dismissed their remaining causes of action will continue in full force and effect.

3

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion seq. no. 3, for summary judgment, based on violations of Industrial Code §§ 23-1.7(e)(1), 23-1.7(e)(2) and 23-2.1(a), is DENIED and upon review of the record plaintiff's labor law 241(6) cause of action is dismissed. Plaintiff's remaining causes of action will continue in full force and effect.

This constitutes the decision and order of the Court.

_____

Hon. Joy F. Campanelli, J.S.C.

4

[* 4]